[Dozier Lumber Co. v. Smith-Isburg Lumber Co.]

# Dozier Lumber Co. *v.* Smith-Isburg Lumber Co.

[DECIDED DEC. 21, 1905, 30 So. REP. 714.]

1. *Pleadings; Plea in Abatement; Abuse of Discretion.*—Service of of summons, and judgment by default had on proof of service; later, motion by defendant to quash summons and complaint and notice of interrogatories, (1) because not served upon proper person, and (2) for that both corporations were foreign corporations, and the cause of action arose outside of the State of Alabama, which motion was overruled; later, a motion to set aside judgment by default, which motion was granted; later, motion to be allowed to file pleas of abatement setting up as a defense the matters contained in motion to quash service, and motion granted and pleas filed; *Held,* within the discretion of the trial court, and no abuse of discretion to allow the plea in abatement filed.

2. *Corporations; Foreign; Jurisdiction.*—The courts of this State have no jurisdiction of an action between foreign corporations where the cause of action arose outside of the State of Alabama.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

The summons was executed by service on E. V. Smith as president of defendant company on the 31st day of August, 1903. On the 9th day of November, 1903, there was a judgment by default, on proof of service of summons on E. V. Smith, as president of defendant company, against the defendant. On September 22, 1903, the defendant company appeared specially by attorneys and moved the court to quash the return of the summons and complaint and of notice of interrogatory on the following grounds: (1) That Smith, upon whom service was made, was not an officer or agent of defendant corporation within the meaning of the law relating to service of process upon corporation. (2) For that both corporations are foreign corporations organized under the law of Massachusetts, and that the cause of action upon which this suit is founded arose outside of the state of Alabama, and the debt

upon which this suit is founded was incurred and contracted outside of the State of Alabama. This motion was continued several times, until the 29th day of October 1903, when it was overruled. On November 11, 1903, motion was made to set aside judgment by default, alleging several reasons therefor. On the 21st of November, 1903, motion was granted. The defendant then filed a plea in abatement, setting up the same grounds as those alleged in his motion to quash the summons and service above set out. This motion was granted by the court on the 23d of January, 1904. On the 5th of April, 1904, the plaintiff moved to strike the plea : (1) That it was not filed within the time allowed for pleading; (2) same ground; (3) because defendant, before plea filed, had entered an appearance in court and asked for affirmative relief; (4) because before the filing of the plea, judgment by default had been entered against the defendant, and upon motion of defendant the judgment was set aside; (5) a waiver of the right of defendant to plead to the jurisdiction of the court; (6) that defendant had submitted itself to the jurisdiction of the court; (7) the recognition of the jurisdiction of the court by filing in the court before a plea answers to interrogatories filed by plaintiff to defendant; (8) a recognition of the jurisdiction of the court by defendant by filing interrogatory to Carl Isburgh. There were answers in replication which are not necessary to be set out; also demurrers to replication. There was evidence tending to show the facts alleged in the plea in abatement and the motion to quash. There was judgment for defendant, and plaintiff appeals.

LONDON & LONDON, for appellant.—Courts of general jurisdiction have power to hear and determine all personal actions for money or damages, regardless alike of the residence of the parties, or their character as natural persons or foreign corporations.—Story Conf. Laws, Secs. 542-43; *Balt. & O. R. R. Co. v. Harris*, 12 Wall. 65; *Eingartner v. Ill. Steel Co.*, 94 Wis. 70. One non-resident can sue another non-resident in any transitory action, wherever he can obtain personal service upon him in this state.—*Smith v. Gibson*, 83 Ala. 284;

*Steen v. Swadley,* 126 Ala. 616; *L. & N. R. R. Co. v. Steiner,* 128 Ala. 353. Whenever a foreign corporation comes into a state to establish its business, it subjects itself to the jurisdiction of the courts as prescribed by the laws of such state.—12 A. & E. Enc. P. & P., p. 147-8; 6 Thomp. Cor. Sec. 7988. The courts of the United States, and of the States, make no enquiry, usually, as to the residence of the plaintiff.—Brown on Juris, 2nd Ed. § 39, p. 186; *B. & O. R. Co. v. Harris,* 12 Wall, 65; *Eingartner v. Ill. Steel Co.,* 94 Wis. 70; *Denver & Co. R. R. v. Roller,* 49 L. R. A. 78; *Barrow Co. v. Kane,* 170 U. S. 100; *McNichol v. U. S. Mer. Ref. Co.,* 74 Mo. 457; 2 Mortg. Corp. §§ 977, 980, 981.

The corporation having fixed for itself a known place of business, and placed therein authorized agents, thereby gives itself a locality or a domicil, and so long as it continues there to do business, may be sued as a domestic corporation may be sued at its domicil or principal place of business.—*Sullivan v. Sullivan Timber Co.,* 103 Ala. 371.

It is well settled that a voluntary and general appearance by a foreign corporation gives jurisdiction over it. —3 Cyc. 515; 2 A. & E. Enc. P. & P. 642, note 2; 6 Thomps. Cor. Sec. 7553 and cases cited; *Ex parte Schollenberger,* 96 U. S. 369; *Dart v. Bridgport Bank,* 27 337.

The motion to set aside the judgment by default, not for want of jurisdiction, but because of a meritorious defense, and the demand for a trial by jury was a general appearance, or its equivalent, and confers jurisdiction. —*Eaton v. Harris,* 42 Ala. 491; *Grigg v. Gilmer,* 54 Ala. 425; *Crane v. Perry,* 2 Fed. 187, 193; 3 Cyc. 509, and notes 55-56.

After making motion to quash service, the defendant could not make or interpose any further dilatory plea. —*Houcks v. Scott,* 8 Port. 169; *Griggs v. Gilmer, supra.*

George Huddleston, for appellee.—A foreign corporation, though doing business by agents in this State, is not liable to suit in our courts except on causes of action originating in this State, or on contracts entered into in

reference to a subject matter within this State.—*Central Railroad Co. v. Carr*, 76 Ala. 388; *Pullman Car Co. v. Harrison*, 122 Ala. 149; *L. & N. Railroad Co. v. Dooley*, 78 Ala. 524; *L. & N. Railroad Co. v. Trousdale*, 99 Ala. 394; *L. & N. Railroad Co. v. Nash*, 118 Ala. 477; *A. G. S. Railroad Co. v. Chumley*, 92 Ala. 317; *L. & N. Railroad Co. v. Williams*, 113 Ala. 402; *Iron Age Publishing Co. v. Western Union T. Co.*, 83 Ala. 498.

In all cases in which the defendant has not pleaded to the merits, and the plaintiff has not acted upon his waiver of the matter in abatement, it is within the discretion of the court to receive a plea in abatement after the time for filing such a plea has passed.—*Hawkins v. Armour Packing Co.*, 105 Ala. 545; *Vaughan v. Robinson*, 22 Ala. 519; *Massey v. Steele*, 11 Ala. 340; *Cobb v. Miller*, 9 Ala. 499.

DOWDELL, J.—On the facts as shown by the record it was within the discretion of the trial court to permit the defendant to file the plea in abatement to the jurisdiction of the court, and we fail to see any abuse in the exercise of this discretion.—*Hawkins v. Armour Packing Co.*, 105 Ala. 545, 17 South. 16; *Vaughan v. Robinson*, 22 Ala. 519; *Massy v. Steele's Adm'r*, 11 Ala. 340; *Cobb v. Miller*, 9 Ala. 499.

On the authority of the following cases we feel constrained to hold that the city court was without jurisdiction in the present case, and its several rulings on the demurrers and motions were free from error.—*Central R. R. Co. v. Carr*, 76 Ala. 388, 52 Am. Rep. 339; *L. & N. R. R. Co. v. Dooley*, 78 Ala. 524; *Iron Age Pub Co. v. W. U. Tel. Co.*, 83 Ala. 498, 3 South. 449; *A G. S. R. R. Co. v. Chumley*, 92 Ala. 317, 9 South. 286; *R. & D. R. R. Co. v. Trousdale*, 99 Ala. 394, 13 South. 23, 42 Am. St. Rep. 69; *L. & N. R. R. Co. v. Williams*, 113 Ala. 402, 21 South. 938; *L. & N. R. R. Co. v. Nash*, 118 Ala. 477, 23 South. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181; *Pullman Car Co. v. Harrison*, 122 Ala. 149, 25 South. 697, 82 Am. St. Rep. 68.

The judgment of the city court will be affirmed.

HARALSON, TYSON, SIMPSON, and DENSON, JJ., concur.