## J. S. WINDHAM ET AL. *v.* E. ULMER ET AL.

[59 South. 810.]

1. RELIGIOUS SOCIETIES. *Ecclesiastical questions. Determination.*

The civil courts exercise no ecclesiastical jurisdiction. It accepts what the highest ecclesiastical authority in each church promulgates as the faith and practice of that church.

2. SAME.

Where the members of a church in conference, having full authority under the polity of such church, by resolution properly presented and adopted, decided that one of two factions of its members was entitled to the use and occupancy of a church building, the civil courts will accept such decision as final until duly annulled by said church.

APPEAL from the chancery court of Jasper county.
HON. SAM WHITMAN, JR., Chancellor.
The facts are fully stated in the opinion of the court.

*W. S. Welch,* for appellant.

The court knows from the history of the church that the so-called "Land Markers" were unknown and unheard of in the history of that great Church until ten or twelve years ago. And that if the church in question was organized in 1891, that there was not at that time a "Land Mark" Baptist Church in existence. Therefore the departure from the old customs, practices, teachings and doctrines of the church must have been made by appellees and not by appellants who are charged with being Missionary Baptists. If a majority of a church departs from the teachings and immemorial usages of the church, and separate from the minority, the minority nevertheless constitutes the church and holds the property of the church. See sections 148 to 153 inclusive under Religious Societies, vol. 42, Century Digest, also 96 Am. Dec. 360; 16 Am. Rep. 82; 5 Am. Rep. 415; 68 Am. Dec. 638; 13 L. R. A. 173; 19 L. R. A. 433; 11 L. R. A. 214; 3 L. R. A. 68 and 24 L. R. A. 615.

If the suit can be maintained at all, certainly it should be in the name of the proper officers of the so-called Land Markers and against the officers of the Union Seminary Baptist Church, the deacons of the said church. If the appellants as individuals interfere with the rights of the appellees, their remedy would be by indictment and prosecution in the criminal courts.

The alleged agreement entered into by the appellants and appellees is not enforceable in any court as there was no consideration and the agreement was not in writing.

But if we are in error as to the foregoing certainly the case at bar must be decided in favor of appellants under authority of the well-considered case of *Carothers* v.

*Mosely,* 55 So. 881. The argument of the court in that short terse opinion is sufficient for appellants, who respectfully submit that the case ought to be overruled and the demurrer sustained.

*C. H. Kirkland* and *Henry Hilbun,* for appellees.

Counsel for appellants, in his brief, presents the argument that appellees must fail, because the agreement entered into by appellants and appellees was based upon no consideration and was not in writing. The bill sets out a resolution passed by a conference of the church, without a dissenting vote from either faction. This resolution, we presume, is the agreement to which counsel refers. If so, the bill clearly shows that both factions, at the time, voted for the resolution which constituted the settlement of the factional differences in the church. But this question was not raised by the demurrer in the court below, which demurrer was special. It cannot be raised for the first time in the supreme court.

The bill raises no ecclesiastical question for the court to decide. If there was, at any time, an ecclesiastical question, the bill shows that the church has passed upon it. Appellants rely upon *Carothers* v. *Mosely, infra,* and contend that the court cannot retain jurisdiction of this cause under the principles laid down in that case. The principles are correctly announced, but when applied to the facts set out in this bill, entitled appellees to the relief prayed for in their bill. What the general assembly orders, in the Presbyterian Church, as to the church property, the courts will accept and decree accordingly, because the general assembly is the highest ecclesiastical authority of that particular church. The individual Baptist Church under Baptist polity, is the highest ecclesiastical authority of that church. *Mount Helm Baptist Church* v. *Jones,* 79 Miss. 502.

In *Pointer* v. *Phelps,* 111 S. W. 699, 24 L. R. A. (N. W.) 729 (a case in many respects similar on the facts to the one at bar), the court said:

''The Baptist Church does not, as a religious sect or denomination, possess a constitution or creed, like the Presbyterian, Methodist, and many other churches. Its form of government is congregational and therefore purely democratic. Each church is a distinct organization, independent of all others. . . . Every Baptist Church is, therefore, a law unto itself in matters ecclesiastical. While what are known as Baptist Associations, both district and state, exist, they possess neither appellate jurisdiction nor revisory power, but may advise the churches without in any way binding the latter to except such advice.''

It is admitted by this demurrer that the Union Seminary Baptist Church, in conference assembled, with full authority to act, and being the highest authority under the Baptist polity, has already spoken. The decision of the conference will be accepted by the civil courts, and the rights as adjudicated by that tribunal, will be protected and enforced. *Carothers* v. *Mosely,* 55 So. 881, and the cases approved therein.

REED, J., delivered the opinion of the court.

There is a division in the Union Seminary Baptist Church, in Jasper county. Appellants and appellees are members of that church. Appellants, in order to prevent appellees from holding service in the church put new locks on the doors, and gave notice that a resolution had been passed by appellants denying to appellees the right to enter the church for public worship. Appellees filed a bill praying for an injunction, and for a decree permitting them to use the church for religious worship. The writ was issued. Appellants filed a demurrer to the bill, which the chancellor overruled and granted an appeal to this court.

It appears from the bill that a regular congregational meeting of the church was held, participated in by the appellants and appellees, representing both factions, and

that the members generally were given a voice in the disposition of all matters presented at the meeting; that in order to settle the differences between the two factions a resolution was offered and adopted, without a dissenting voice, by which the appellees were given the right to hold services in the church at any time except on the fourth Sunday of each month and the Saturday preceding that day, when the appellants should have the use of the church; that on the following day the appellants held a meeting, without giving the appellees any notice thereof, and without the appellees' knowledge, and repudiated the action of the regular meeting, and passed a resolution prohibiting appellees from entering the building for public worship; and that new locks were procured and placed on the doors of the church house to effectively prevent appellees' entrance to the building. The bill also charges that the majority of the members of the church are in sympathy with appellees, and that the appellants represent the minority of the members.

As stated in the case of *Baptist Church* v. *Jones,* 79 Miss. 488, 30 South. 714: "This court exercises no ecclesiastical jurisdiction. It accepts what the highest ecclesiastical authority in each church promulgated as the faith and practice of that church; that authority, under Baptist polity, being each separate Baptist Church." The following is taken from the case of *Poynter* v. *Phelps,* 129 Ky. 381, 111 S. W. 699, 24 L. R. A. (N. S.) 729: "The Baptist Church does not, as a religious sect or denomination, possess a constitution or creed, like the Presbyterian, Methodist, and many other churches. Its form of government is congregational, and therefore purely democratic. Each church is a distinct organization, independent of all others. . . . Every Baptist Church is, therefore, a law unto itself in matters ecclesiastical. While what are known as Baptist Associations, both district and state, exist, they possess neither appellate jurisdiction nor revisory power, but may advise the

churches, without in any way binding the latter to accept such advice. . . .

The rule that this court will not for itself determine an ecclesiastical question, involving the doctrine or government of a church, is fully confirmed in the case of *Carothers* v. *Moseley,* 99 Miss. 671, 58 South. 881. The allegations of the bill, admitted to be true by the demurrer, show that in regular conference assembled the Union Seminary Baptist Church, having full authority under the Baptist polity, by resolution properly presented and adopted, decided the use and occupancy of the church by the opposing factions. This decision by the conference should be accepted by the civil courts, and control unless it should be shown that, at a subsequent regular meeting, held in accordance with the rules and regulations of the church, the action of the conference mentioned was rescinded and set aside, and other disposition made of the matter. The appellants can only present such action at a subsequent meeting by answer as a defense.

The description in the deed conveying the property to the deacons of the Union Seminary Baptist Church is sufficiently certain for all purposes of the present controversy.

*Affirmed.*