GRANTHAM et al. v. HUMPHRIES et al.

(Division B. April 24, 1939.)

[188 So. 313. No. 33675.]

**W. T. Weir,** of Philadelphia, for appellants.

**J. B. Hillman,** of Philadelphia, for appellees.

**Anderson, J.**, delivered the opinion of the court.

This litigation is between two factions of the Salem Missionary Baptist Church in Neshoba county. The question involved is the use of the church building and its records for religious worship. Appellant, the Reverend Grantham, was the pastor in charge, and the other appellants, Hall, Willis, and Thompson, were the deacons. The Reverend Grantham "went Fundamentalist." The opposing and controlling faction in the membership had a meeting at which they discharged the Reverend Grantham as pastor because of the new doctrine and also the deacons named, who were his adherents, and elected in their stead the Reverend N. B. Nicholson, and appellees, Humphries and Ellis, Deacons, and Friory, clerk. The opposing faction thereupon took charge of the keys to the church and its records, and excluded Reverend Grantham from preaching therein. By their bill, the excluded faction seeks by a mandatory injunction the use of the church, including the right of Reverend Grantham to hold services therein. The chancellor dismissed the bill. From that decree, this appeal is prosecuted.

We reach the same conclusion the chancellor did. The question involved is ecclesiastical and not one for the civil courts. The church authorities and such tribunals as they may set up for themselves are supreme in such matters. Their decision is final as to who shall be the pastor and other officers. Such disputes are ecclesiastical in their nature and the courts have no control over them. Windham et al. v. Ulmer et al., 102 Miss. 491, 59 So. 810; Allen v. Roby, 109 Miss. 107, 67 So. 899; Edwards v. De Vance, 138 Miss. 580, 103 So. 194.

Mount Helm Baptist Church v. Jones, 79 Miss. 488, 30 So. 714, relied on by appellants, is not in point. In that case the majority faction in the church by declarations on its minutes severed its connection with the denomination to which it belonged and organized a new church, with a new faith, and elected new officers. The court held that the majority faction could no longer claim to be the church, whose faith it had repudiated, and had no right to the property donated to the old organization. The court took the jurisdiction upon that ground alone. We have no such state of facts here, nor their equivalent.

Affirmed.