ETHRIDGE, Chief Justice.
Complainants-appellees, W. C. Jones and others, asserting that they are trustees of Enoch Grove Missionary Baptist Church in Rankin County, brought this suit against defendants- appellants. Reverend Thomas G. Blue, Jr., and others, in the Chancery Court of Rankin County, charging that the defendants had attempted to take over the property, worship services, and fiscal affairs of the church, and that the property belonged to complainants as trustees for the church. Denying these averments, the defendants stated that the complainants had been removed from their offices as trustees by resolution of a majority of the membership of the church at a duly called church conference, and attached to their answer a copy of that resolution. It reflects that at this meeting a majority of the congregation present elected Reverend Blue as pastor, elected another as co-pastor, elected new trustees who succeeded complainants, and removed from office the prior deacons of the church, including two of the complainants.
The chancery court held that W. C. Jones and others, complainants, had not been legally and lawfully discharged as trustees and that they were the duly elected and acting trustees for the church with attendant control of church property. The court issued a prohibitory injunction enjoining the defendants, Reverend Blue and others, from interfering in any manner with worship services conducted in the church, from forceably entering the church building, and from engaging in any acts whatsoever “which are detrimental to worship services being conducted by complainants.”
After careful consideration we conclude that the question of who are the proper trustees of the property of this congrega *570 tional church, and the identity of the pastor and deasons are ecclesiastical questions rather than issues of property rights. The government of a Baptist Church is congregational and democratic, with each church a distinct organization, independent of others. The members of the church have full power to call a pastor and elect property trustees and deacons. Allen v. Roby, 109 Miss. 107, 67 So. 899 (1915). In a long line of decisions, this Court has held that it will not interfere to determine questions involving the government of a congregational type of church. Conic v. Cobbins, 208 Miss. 203, 44 So.2d 52 (1950); Grantham v. Humphries, 185 Miss. 496, 188 So. 313 (1939); Edwards v. De Vance, 138 Miss. 580, 103 So. 194 (1925); Allen v. Roby, supra; Windham v. Ulmer, 102 Miss. 491, 59 So. 810 (1912); Carothers v. Moseley, 99 Miss. 671, 55 So. 881 (1911).
Moreover, the complainants did not show any action by members of the church authorizing institution of this suit. Allen v. Roby, 109 Miss. 107, 67 So. 899 (1915). Unless extraordinary circumstances would justify a failure to have congregational authorization, and they do not exist here, the trustees of the property of a congregational church must have authority from the congregation to bring an action of this nature.
Appellees rely upon Linton v. Flowers, 230 Miss. 838, 94 So.2d 615 (1957), a case involving a departure from doctrine by the majority, wherein it was held that the church property remained that of the church to which it was dedicated. See Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969). In the instant case, however, there is no doctrinal schism, but simply a dispute over who are the property trustees, the pastor, and the deacons. This ecclesiastical question in a congregational church must be decided by the congregation, and not by the courts.
A majority of the congregation can always determine this question, on Saturday before the third Sunday, of any month or at a special meeting of the congregation called in accord with the custom and usages of this church. Although there exists here in an indirect way an issue concerning property, we think that it is so collateral and insubstantial as not to warrant judicial interference with the complete freedom of this congregational church.
For these reasons, the chancery court erred in issuing the injunction against the defendants-appellants. The decree is therefore reversed, and judgment is rendered here dismissing with prejudice the bill of complaint filed by appellees.
Reversed and judgment rendered here dismissing bill of complaint with prejudice.
All Justices concur.