# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00899-SCT

*BOBBY C. REDDELL*

*v.*

*BETTY REDDELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/29/94 |
| TRIAL JUDGE: | HON. ROGER C. CLAPP |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ROBERT DAVID RINGER |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 3/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/27/97 |

**BEFORE PRATHER, P.J., PITTMAN, AND SMITH, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. Betty Reddell was granted a divorce from her husband, Bobby, in Rankin County Chancery Court on the grounds of adultery. The chancellor found that the Reddells had a long marriage and awarded a 45% interest in the real property, a 45% interest in Bobby's retirement plan and $300 per month in periodic alimony to Betty. Bobby appeals the decision of that court. Specifically, he asserts that the marital assets were inequitably divided, and alimony was inequitably awarded to his former spouse. Because the chancellor erred in his consideration of the assets of Betty, we reverse and remand this case for a new economic review.

¶2. Bobby submits the following issues for review by the Court: (1) Whether the chancellor erred by placing too much weight on the single factor of adultery and by not considering the retirement plan of Betty; (2) Whether the chancellor erred in making the either/or ruling on lump sum alimon; and (3) Whether the chancellor erred in awarding periodic alimony; (4) Whether the chancellor erred by finding that this was a long marriage; (5) Whether the chancellor erred by finding that an agreement had been made in mediation; (6) Whether the chancellor made inconsistent findings of fact.

¶3. The Court employs a limited standard of review on appeals from chancery court. If substantial credible evidence supports the chancellor's decision, it will be affirmed. *Carrow v. Carrow*, 642

So. 2d 901, 904 (Miss. 1994). The Court will not interfere with the findings of the chancellor unless the chancellor was manifestly wrong, clearly erroneous or a wrong legal standard was applied. *Id.* citing **Bell v. Parker**, 563 So. 2d 594, 596-97 (Miss. 1990).

¶4. In the case at hand, Betty did not file a brief in reply to Bobby's appeal. We have held that "[f]ailure to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error." **Dethlefs v. Beau Maison Dev. Corp**., 458 So. 2d 714, 717 (Miss. 1984) (Walker, J.).

¶5. The Reddells were married for nine years. They married in June of 1985. The Reddells separated from each other in February of 1994. During the separation, Bobby moved in with another woman.

¶6. For the nine years of marriage, Bobby was employed with Milwaukee Electric Tool Company and accumulated money in a retirement profit sharing plan. Betty had amassed $3,500 in an I.R.A. during the marriage. She also had some Entergy stock worth $2,600, which she sold to pay moving expenses after the separation. The parties stipulated at trial that Betty's gross monthly salary was $2,000 and Bobby's was $600 per week without overtime.

¶7. There were no children by the marriage nor were there any by other persons prior to the marriage. An attempt at mediation by the parties failed.

¶8. Bobby asserts that the chancellor's refusal to consider Betty's retirement plan, while giving her a one-half interest in Bobby's retirement plan, was error. He argues that the primary consideration in the proper division of property is the economic contributions made by each party into the marriage, whether it is actual money earned or service without compensation. **Chamblee v. Chamblee**, 637 So. 2d 850, 865 (Miss. 1994).

¶9. There is no specific reference to Betty's I.R.A. in the judge's ruling. Bobby's attorney asked the chancellor if he considered an offset for "the retirement program about which Betty testified against." The chancellor stated that he "considered the offset and it as to the entire value of the retirement program . . .". This exchange was the only mention of an offset by the chancellor. It is not very clear from the record what is being offset by what. Other than Bobby's retirement, the only retirement program Betty testified to was the $3,500 she had in an I.R.A. certificate of deposit. Betty testified that this amount was amassed during the marriage.

¶10. One objective of equitable distribution of property is a fair division based upon the facts of the case. See **Ferguson v. Ferguson**, 639 So. 2d 921, 929 (Miss. 1994) (where the Court discusses the goals of equitable distribution of property). Our holding in **Chamblee** requires that, in a determination of the division of marital property, both spouses contributions during the marriage be thoroughly evaluated by the chancellor. **Chamblee**, 637 So. 2d at 865. There is no evidence of record to show that Betty's I.R.A. certificate of deposit was equitably divided or why it was not. In this case, Betty testified that her I.R.A. was amassed during the marriage. The failure to equitably divide this account was manifestly wrong. Further, the Entergy stock owned by Betty was not considered either. Therefore, this case is reversed and remanded for a proper consideration of the parties' joint economic contributions.

¶11. Prior to trial the parties participated in mediation wherein a list of joint debts was created and partitioned for each party to pay. The Order for Mediation stated that if there was no agreement in mediation, then all agreements made therein are inadmissible in court. In his award of alimony, the chancellor considered the expenses of each party from the aforementioned list. The use of this document by the chancellor violated the Order for Mediation and was manifest error. On remand, the chancellor should reconsider the amount of the alimony award based on the admissible evidence.

¶12. The remaining issues are without merit. This case is reversed and remanded for further proceedings not inconsistent with this opinion.

**¶13. REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**