IRVING, J.,
for the Court:
¶ 1. This case involves the appeal of a divorce decree that was granted to Leonard E. Buie against Laverne Buie. The original complaint for divorce filed by Leonard charged Laverne with habitual cruel and inhuman treatment and desertion. Laverne filed an answer denying the allegations contained in Leonard’s complaint’and counter-claimed that Leonard was guilty of adultery. The matter was set for hearing on November 2,1998. Neither Laverne nor her attorney made an appearance at the hearing, and Leonard was awarded a divorce on the grounds of habitual cruel and inhuman treatment.
¶2. Laverne filed a motion for relief under Rule 60 of Mississippi Rules of Civil Procedure seeking to set aside the court’s final decree of divorce, and a motion to alter or amend judgment under Rule 59 of M.R.C.P. Both motions were denied. Feeling aggrieved, Laverne has appealed and contends that the lower court erred in denying her Rule 60 motion. Finding no reversible error, we affirm.
*1080 FACTS
¶ 3. Leonard did not file a brief. Therefore the facts are based on our review of the record and Laverne’s brief. Briefly, those facts are these.
¶ 4. Laverne C. Buie and Leonard E. Buie were married August 7, 1987. After a little less than ten years of marriage, Leonard filed for divorce claiming that Laverne was guilty of habitual cruel and inhuman treatment and desertion. Being financially unable to afford private counsel, Laverne first sought the assistance of Alabama Legal Services. Laverne was advised by Alabama Legal Services that Mississippi Legal Services would have to be involved and offered to contact Mississippi Legal Services on her behalf.
¶ 5. Fearing that the time for responding to the complaint would run before Mississippi Legal Services could reply, Laverne prepared and forwarded an answer to the Chancery Clerk of Coahoma County, Mississippi. Shortly thereafter, Attorney J.F. Valley contacted Laverne by telephone and advised her that Mississippi Legal Services had contacted him regarding her case and that he would be representing her in the matter. During this conversation, Valley advised Laverne that he would contact her if he needed anything and that she need not contact him unless she heard further from him. In the meantime, Valley prepared and filed a second answer to the complaint. Laverne contacted Mississippi Legal Services but was advised that Mr. Valley was handling the matter and that she need not contact them further. Once again, Laverne was advised that if further information was needed she would be contacted.
¶ 6. Ignoring Valley’s instructions that she need not contact him further, Laverne made numerous phone calls to Valley’s office, but was unable to speak with him. Finally, on Friday, October 30, 1998, Laverne was able to speak with Valley by phone. She inquired about a hearing date and was told that no date had been set. Later that same day, however, Laverne received an “NTS Communication” call advising her that the final hearing in the divorce action was set for November 2, 1998, which was the very next Monday.
¶ 7. After Laverne received the “NTS Communication” call, she attempted to contact Valley throughout the remainder of the day but without success. The following Monday, which was the day of the hearing, Laverne was able to speak with Valley by phone. She informed him that she was physically unable to attend the hearing, and he advised her that he would seek a continuance. Valley then faxed an unsworn motion for continuance to the court’s chambers. Laverne received no further communications that day. The following Thursday, Laverne again contacted Valley. She was advised that Valley had gotten to the courthouse late and that the divorce had been granted against her.
¶ 8. Shortly thereafter, Laverne obtained new counsel who immediately filed the previously mentioned motions. Following a hearing, both motions were denied on the following grounds:
The Complaint was filed by Mr. Buie on July 19, 1997, and an Answer dated August 15, 1997, was filed for Mrs. Buie. That certain discovery items were filed by Complainant.
An Order setting the case dated October 16, 1998, was entered, setting the case for November 11, [sic] 1998, with a copy of that Order being sent to Attorney J.F. Valley representing Mrs. Buie.
Mr. Valley faxed a Motion to Continue at 12:01 o’clock P.M. on November 2, 1998, the date of the hearing. The motion was signed by Mr. Valley and there were no supporting affidavits. The illness which he described in his motion could have been had by her for months or years prior to 1998. There was no contact by Mr. Valley to the Court, nor did he appear.
The Court entered a Decree granting relief upon proof presented in open Court, and an Order was entered on *1081 November 2, 1998. This matter was handled by the Court in an appropriate fashion.
Proper notice was given her attorney whose actions were not in comportment with this Court. There was no appropriate action taken by Mrs. Buie’s attorney.
It is the order of this Court that both motions are denied, and the Final Decree will stand.
Analysis of Issue Presented

Did the Lower Court Err in Denying the Motion for Relief under Rule 60(b) ?

Standard of Review
¶9. The standard employed by this Court on appeal from chancery court is such that the chancellor’s decision will be affirmed if substantial credible evidence supports it. Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997) (citing Carrow v. Carmo, 642 So.2d 901, 904 (Miss.1994)). The findings of the chancellor will not be disturbed unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Id. (citing Carrow, 642 So.2d at 904).
¶ 10. As stated, Leonard did not file a brief in response to Laverne’s appeal of this matter. The Mississippi Supreme Court has held that “[f]ailure to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error.” Reddell, 696 So.2d at 288 (quoting Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984)); see also State v. Maples, 402 So.2d 350, 353 (Miss.1981). Automatic reversal, however, is not necessarily required in the absence of an appellee’s brief. The Mississippi Supreme Court has held that the appellant’s argument “should at least create enough doubt in the judiciousness of the trial court’s judgment that this Court cannot ‘say with confidence that the case should be affirmed.’ ” Muhammad v. Muhammad, 622 So.2d 1239, 1242 (Miss.1993) (quoting Griffin v. Breckenridge, 204 So.2d 855, 855 (Miss.1967)).
¶ 11. Laverne alleges that she was physically unable to arrive at the courthouse to protect her rights; therefore, equity should look upon her plight with favor. She argues that the lower court should have set aside its prior ruling and allowed her to proceed with new counsel and that to deny her the right to go forward would be to deny equity.
¶ 12. Rule 60(b) of M.R.C.P. sets forth six bases for granting relief from a judgment or order. The only one of those bases which have any applicability here is the one that allows relief for “any other reason justifying relief.” The question then is whether the neglect by Buie’s attorney is a reason justifying relief? While we are sympathetic to Buie’s plight, unfortunately for her, this question has been answered in the negative by our supreme court. In Stringfelloio v. Stringfellow, 451 So.2d 219, 221 (Miss.1984), the Mississippi Supreme Court held, “Incompetence or ignorance on the part of a party’s attorney does not give rise to Rule 60(b)(2) relief.”
¶ 13. The chancellor conducted a hearing on Laverne’s motion for Rule 60(b) relief and heard all of the evidence regarding explanations for the lack of her or her attorney’s presence at the hearing on the divorce. After having examined the record of that hearing, this Court cannot say that the chancellor was manifestly wrong or clearly erroneous or that an erroneous legal standard was applied. Nor can it be said that Laverne’s argument created enough doubt in the judiciousness of the chancellor’s judgment that this Court cannot say with confidence that the case should be affirmed. Consequently, the findings of the chancellor are affirmed.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF COAHOMA COUNTY DENYING APPELLANT’S MOTION FOR RELIEF PURSUANT TO M.R.C.P. 60 IS AFFIRMED. ALL *1082 COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, MOORE, MYERS, AND THOMAS, JJ., CONCUR. PAYNE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, J.