¶ 25. Respectfully, I dissent from the majority's decision and would affirm the chancellor's decision. *Page 707 
¶ 26. This Court follows a limited standard of review when addressing appeals from a chancery court. Reddell v. Reddell,696 So.2d 287, 288 (Miss. 1997). We shall not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous, or there was an application by the chancellor of an erroneous legal standard. Wright v. Roberts, 797 So.2d 992, 997 (¶ 14) (Miss. 2001); Bradford v. Williams, 797 So.2d 352, 354 (¶ 5) (Miss.Ct.App. 2001). This means that great deference is given to the chancellor as both the finder of fact and the trier of law. If there are no specific findings of fact, the appellate court will assume that the trial court has made determinations of fact sufficient to support its judgment. Pacev. Owens, 511 So.2d 489, 492 (Miss. 1987). If there are statements of fact, the appellate court will also look to the evidence and determine whether or not the statement of facts justify the decree. Greenlee v.Mitchell, 607 So.2d 97, 105 (Miss. 1992).
¶ 27. I agree with the majority's opinion that the chancellor applied the correct legal standard to the elements, but I disagree with the majority in that I think that the chancellor did consider the time from 1941 up to the early 1980s. The chancellor found the testimony of one side more credible than that of the other side. I can not say that the chancellor's decision was manifestly wrong, clearly erroneous, or there was an application of an erroneous legal standard. Therefore, I respectfully dissent.
BRANTLEY, J., JOINS THIS SEPARATE OPINION.