# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-00875-SCT

*TUWANDA Z. WILLIAMS*

*v.*

*JOHN WILLIAMS, JR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/14/2021 |
| TRIAL JUDGE: | HON. ROBERT GEORGE CLARK, III |
| TRIAL COURT ATTORNEYS: | ELIZABETH R. CARR |
| | JANESSA E. BLACKMON |
| | BONNIE BRIDGERS SMITH |
| | THOMAS JON-WILLIAM BELLINDER |
| | WILLARD BENTON GREGG |
| | JOHN ANDREW HAMMOND |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JANESSA E. BLACKMON |
| | ELIZABETH R. CARR |
| ATTORNEYS FOR APPELLEE: | JOHN ANDREW HAMMOND |
| | WILLARD BENTON GREGG |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | APPEAL DISMISSED - 09/15/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.    Tuwanda Williams and John Williams, Jr., filed a "Joint Motion to Dismiss Fault Grounds and Consent to Divorce on Grounds of Irreconcilable Differences" and submitted for review a judgment of divorce based on irreconcilable differences and a divorce agreement. Shortly thereafter, Tuwanda changed her mind. She withdrew her consent to the divorce agreement and also withdrew her consent to the divorce based on irreconcilable

differences. John moved to enforce the divorce agreement. The chancellor found that Tuwanda timely withdrew her consent to the irreconcilable-differences divorce but that the divorce agreement was an enforceable contract binding on both Tuwanda and John. The chancellor granted John's motion to enforce the divorce agreement and entered what he called a "final judgment" incorporating the agreement. Tuwanda now appeals.

¶2. Because the order entitled "final judgment" was not a final, appealable judgment, this Court lacks jurisdiction. Accordingly, the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

¶3. On May 6, 2019, Tuwanda filed a complaint for divorce against John and alleged the fault grounds of adultery and habitual cruel and inhuman treatment.[1] John timely filed his answer and denied the fault-based grounds for divorce.

¶4. In October 2020, Tuwanda and John, each represented by counsel, engaged in a two-day settlement conference. On October 23, 2020, Tuwanda and John agreed to and signed the following documents: (1) Joint Motion to Dismiss Fault Grounds and Consent to Divorce on Ground of Irreconcilable Differences, (2) Agreed Order Dismissing Fault Grounds, (3) Judgment of Divorce - Irreconcilable Differences, and (4) Divorce Agreement. The parties filed their joint motion with the chancery court, and they emailed the remaining documents to the chancellor's court administrator. Several hours later, Tuwanda notified her attorney that she had changed her mind and wanted to rescind her consent to the divorce agreement.

---

[1] In her complaint for divorce based on fault grounds, Tuwanda also asserted that her marriage was "irretrievably broken" and that "if both parties will agree in writing then the parties are entitled to a divorce from each other upon the ground of irreconcilable differences."

2

¶5. On October 25, 2020, Tuwanda's counsel moved to withdraw and advised that "Tuwanda has instructed . . . that she rescinds her agreement to the [d]ivorce [a]greement." In response, John filed a "Motion to Enforce Separation Agreement"[2] and argued that the divorce agreement was "not contingent upon either party obtaining a divorce" and that the agreement "may be enforced independently of such judgment."

¶6. On January 21, 2021, Tuwanda, through her new attorney, filed a "Notice of Withdrawal of Agreement to Join in the Motion to Dismiss Fault Grounds and Consent to Divorce on Ground of Irreconcilable Differences." Tuwanda asserted that she "no longer consent[ed] to an irreconcilable differences divorce" but instead "want[ed] to proceed with the contested [c]omplaint for [d]ivorce against John . . . ."

¶7. A hearing was held on John's motion. After the hearing, the chancellor entered an order. The chancellor found that "Tuwanda timely withdr[e]w her consent to a divorce on the ground of irreconcilable differences." But the chancellor also found "that while Tuwanda m[a]y have withdrawn her consent to a divorce on the ground of irreconcilable differences, the [d]ivorce [a]greement entered into and executed by both parties [wa]s an enforceable contract between Tuwanda and John which [wa]s binding on both parties."

¶8. A document entitled "final judgment" was entered on July 14, 2021, in which the chancellor enforced the divorce agreement entered by the parties. The chancellor noted that "the parties [had] signed the attached '*Divorce Agreement*' on October 23, 2020"and that the court "ha[d] found such agreement '[wa]s an enforceable contract . . . binding on both

---

[2] John asserted in his motion that the divorce agreement was "tantamount to a 'separation agreement'" and should be enforced.

Tuwanda . . . and John.'" The chancellor ordered as follows:

> The enforceable contract which is binding on both Tuwanda Z. Williams and John Williams, Jr. dated October 23, 2020, attached hereto as Exhibit A and made a part of this *Judgment*, be, and the same is hereby approved and confirmed by this Court in all respects, and each of the parties is hereby specifically ordered and directed by this Court to do all things which each party has agreed to do under and by virtue of the *Agreement*.

¶9. Tuwanda filed a "Motion to Dismiss Complaint for Divorce-Fault Grounds." In her motion, Tuwanda asserted that "her marriage [wa]s worth saving" and that she "believe[d] in the sanctity of marriage and wish[ed] to preserve her union with John . . . in accordance with their marriage vows." Tuwanda also timely filed a notice of appeal from the order entitled "final judgment."

¶10. On July 29, 2021, Tuwanda petitioned this Court for permission to file an interlocutory appeal. We denied the petition.

¶11. On appeal, Tuwanda argues (1) the chancellor erred by enforcing the divorce agreement, and (2) the divorce agreement is ambiguous. John argues the order entitled "final judgment" is not a final, appealable judgment and should be dismissed.

**STANDARD OF REVIEW**

¶12. "When reviewing a chancellor's findings, this Court employs a limited standard of review." *Miller v. Pannell*, 815 So. 2d 1117, 1119 (Miss. 2002) (citing *Reddell v. Reddell*, 696 So. 2d 287, 288 (Miss. 1997)). "The chancellor's findings will not be disturbed upon review unless the chancellor was manifestly wrong, clearly erroneous or applied an incorrect legal standard." *Id.* (citing *Reddell*, 696 So. 2d at 288). "The standard of review employed by this Court for review of a chancellor's decision is abuse of discretion." *Id.* (internal

4

quotation marks omitted) (quoting *McNeil v. Hester*, 753 So. 2d 1057, 1063 (Miss. 2000)). "[Q]uestions of law are reviewed de novo." *Countrywide Home Loans, Inc. v. Parker*, 975 So. 2d 233, 234 (Miss. 2008) (citing *Biglane v. Under the Hill Corp.*, 949 So. 2d 9, 14 (Miss. 2007)).

## DISCUSSION

¶13.    John asserts the chancellor's order entitled "final judgment" does not adjudicate all claims.  He argues that because Tuwanda's complaint for divorce is still pending, the chancellor's order entitled "final judgment" is interlocutory.  He further argues that because the chancellor's order entitled "final judgment" was not certified under Mississippi Rule of Civil Procedure 54(b), it was not a final, appealable judgment and should be dismissed.  This Court agrees.

¶14.    "Generally, only final judgments are appealable." *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (Miss. 2006) (citing Miss. Code Ann. §§ 9-3-9, 11-51-3; M.R.A.P. 5).  Under Rule 54(b),

> When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.* In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R.C.P. 54(b) (emphasis added).

¶15.        If the court decides that an order that does not dispose of all the claims of all the parties and that is not appealable under any other statute or rule should be given the status of a final judgment, Rule 54(b) requires it to take two separate steps before an appeal can be perfected. The court must make "an express determination that there is no just reason for delay" and it must make "an express direction for the entry of judgment."

*M.W.F.*, 926 So. 2d at 900 (emphasis omitted) (quoting M.R.C.P. 54(b) cmt.). "Without the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory." *Id.* (internal quotation marks omitted) (quoting *Owens v. Nasco Int'l, Inc.*, 744 So. 2d 772, 774 (Miss. 1999)).

¶16.    Here, Tuwanda asserted various claims concerning grounds for divorce, child custody, child support, alimony, property division, and attorneys' fees. But the order entitled "final judgment" only addressed child custody, child support, alimony, property division, and attorneys' fees. The order did not address Tuwanda's complaint for divorce, and it did not resolve the issue of divorce.[3] Thus, the order entitled "final judgment" does not adjudicate all claims.

¶17.    Moreover, the final judgment was not certified under Rule 54(b). Although the chancellor's order is styled "final judgment," it does not use the specific and express language required by Rule 54(b). As a result, the order entitled "final judgment" entered in this case is interlocutory. *Id.* (quoting *Owens*, 744 So. 2d at 774).

¶18.    Because we did not grant permission for an interlocutory appeal, this Court lacks

_____

[3] Tuwanda withdrew her consent to a divorce based on irreconcilable differences, and she later moved to dismiss her complaint for divorce based on fault grounds.

jurisdiction to consider the appeal. Accordingly, the appeal must be dismissed for a lack of jurisdiction.

## CONCLUSION

¶19. The chancellor's order entitled "final judgment" was not certified as final under the provisions of Rule 54(b). As a result, the order was interlocutory in nature and was not appealable. Consequently, this appeal is dismissed for a lack of jurisdiction.

¶20. **APPEAL DISMISSED.**

**KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. RANDOLPH, C.J., NOT PARTICIPATING.**