# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CA-00737-SCT

*PASTOR CALVIN MELTON*

*v.*

*UNION HILL MISSIONARY BAPTIST CHURCH*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/23/2022 |
| TRIAL JUDGE: | HON. JAMES CHRISTOPHER WALKER |
| TRIAL COURT ATTORNEYS: | JOHN R. REEVES |
| | MATTHEW ALLEN BALDRIDGE |
| | KENYA REESE MARTIN |
| | JOHN FIKE |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | KENYA REESE MARTIN |
| ATTORNEY FOR APPELLEE: | MATTHEW ALLEN BALDRIDGE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND VACATED - 01/11/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Beginning in 2019, Calvin Melton was the pastor of Union Hill Missionary Baptist Church (Union Hill). But in 2021, a vote was held by the congregation on the question of whether to retain Pastor Melton's services. The vote was unanimous for Union Hill not to retain him. After being notified of his termination, Melton continued to preach at the church. In response, Union Hill filed a complaint for injunctive relief in the Chancery Court of Madison County. The chancellor found that it was unclear whether the congregation had spoken clearly regarding the church's employment of Pastor Melton. As a result, the

chancellor ordered the congregation to conduct another vote. The result of the second vote was for Melton to remain as the church's pastor.

¶2.     Union Hill filed a motion for a new trial or, alternatively, to amend the court's order pursuant to Rule 59 of the Mississippi Rules of Civil Procedure. The chancellor granted the motion, finding that there was newly discovered evidence regarding Union Hill's bylaws. After another hearing, the chancellor entered a final judgment to the effect that Melton no longer was the pastor of Union Hill. Melton appeals.

¶3.     The central issue in this case is whether Reverend Melton shall serve as Union Hill's pastor. This is an ecclesiastical question, and Mississippi's courts cannot address ecclesiastical questions. Therefore, this Court finds that the chancellor was without authority to invalidate the congregation's initial vote to terminate Calvin Melton as the church's pastor and order a new vote. The orders of the Madison County Chancery Court are reversed and vacated.

**STATEMENT OF THE FACTS**

¶4.     Reverend Calvin Melton began his employment as pastor of Union Hill in March 2019. In 2021, Melton was given notice by the church that he had been terminated. Nevertheless, he continued to appear and preach at the church's Sunday morning services. On June 26, 2021, Union Hill's congregation voted on whether to retain Melton as its pastor. With forty-five members present, the church voted unanimously that it would not retain Melton as its pastor.

¶5.     Despite the unanimous congregational vote, Melton continued to appear at the church

2

and preach. As a result, on July 26, 2021, Union Hill filed a complaint in the Chancery Court of Madison County, seeking injunctive relief against Melton. Specifically, Union Hill sought to have Melton "preliminarily and permanently enjoined from entering onto the church premises and acting as pastor." Union Hill attached to its complaint a portion of its bylaws that dealt with terminating a pastor and averred that it had followed that procedure.

¶6.    In response, Melton filed a motion to dismiss or, in the alternative, a motion to appoint a moderator to allow the church to speak. On September 10, 2021,[1] the chancellor entered an order addressing Melton's motion:

> This [c]ourt is well aware of the limited roles chancellors have in ecclesiastical employment cases. *See* ***Greater Fairview*** [***Missionary***] ***Baptist Church v. Danny Ray Hollins***, 160 So. 3d 223, 229 (Miss. 2015) (holding chancery courts lacked subject matter jurisdiction in order to involve themselves with who shall serve as a pastor in a church, as such issues do not present a secular justiciable issue.). However, there are a minority of cases which hold a chancellor is permitted to retain subject matter jurisdiction in order to allow the church an opportunity to actually speak.
>
> Based upon the evidence and testimony presented, it is unclear whether this church has spoken on the particular issue of who shall serve as its pastor. As such, this Court retains limited jurisdiction in order to ensure the church has spoken by and through its by-laws. This Court finds the church has adopted by-laws, to which both sides concede are true and correct. This [c]ourt finds the essential issue at heart is whether Pastor Calvin Melton shall continue to serve as the Pastor for [Union Hill]. As the central issue is ecclesiastical employment, the [c]ourt finds ***Hollins***, is controlling. . . . As time is of the essence in order to assist both sides in resolving this matter, the [c]ourt finds that a vote shall take place on Saturday, September 18, 2021[,] at 8:00 a.m.[,] at the Union Hill Baptist Church in Flora, Mississippi. All sides have agreed upon the date and time, and this [c]ourt shall facilitate and moderate the vote. The [c]ourt further finds both sides have agreed upon the written notice to be disseminated to the members based upon the agreed upon membership list. .

---

[1]While this order purports to have been signed on September 10, 2021, it was not filed until September 28, 2021.

. .

> The [c]ourt finds the church has by-laws, and the by-laws require 3/4 vote margin in order to have Pastor Calvin Melton voted out.

A second vote was held by Union Hill on September 18, 2021, with the chancellor present at the church and functioning as moderator. No court reporter was present. A total of ninety votes were cast. Thirty-eight votes favored retention of Melton and fifty-two votes opposed retaining him. The church's bylaws require a three-fourths majority vote to remove a pastor from his position. The chancellor found that the Union Hill congregation had not cast a sufficient number of votes to remove the pastor according to the bylaws. Thus, on September 28, 2021, the chancellor entered an order adjudicating that the congregation had spoken by voting to retain Melton as its pastor.

¶7. After the chancellor's decision, Union Hill retained new counsel, Matthew Allen Baldridge.[2] On October 4, 2021, Union Hill filed a motion for a new trial or, in the alternative, to alter or amend the chancellor's order. It contended that the trial court's order should be amended or that a new trial should be ordered due to the discovery of new evidence. In its motion, Union Hill asserted that its new "counsel ha[d] learned that the bylaws relied upon [by the] [c]ourt were in fact never adopted by the Church[,]" which meant that the bylaws were "not binding on the Church and should not have controlled the outcome of the election herein." To support its claims, the church provided the affidavits of Maurice Harden, the secretary for the church, and Roosevelt Barrett, a former pastor of the church. Both affiants averred that the bylaws never had been presented to the congregation for a

_____

[2]Until October 4, 2021, Union Hill had been represented by John R. Reeves.

4

formal vote. In response, Melton asserted the court had admitted the bylaws into evidence without objection from either party and that Union Hill was prevented from repudiating them now under the "doctrines of waiver, judicial estoppel, equitable estoppel, law of the case, and admission[.]"

¶8. After a hearing, the chancellor entered an order on November 18, 2021, granting Union Hill's motion for a new trial on the basis that the church was entitled to "a new trial as to the applicability of any bylaws[.]" The chancellor determined that Union Hill had presented sufficient evidence regarding whether it had properly adopted the bylaws. The chancellor stated that:

> [W]ithout certainty as to bylaws, the [c]ourt cannot determine adequately if the Church is, in fact, speaking, and if it speaks, what does it mean? The [c]ourt's primary equitable consideration here is to determine, if it speaks, whether it is speaking in a way that it has intended. That way of speaking and hearing, as adduced in the manner for consideration, is unresolved, and as the parties may later provide.
>
> This [c]ourt affirms that it had and has no interest in "imposing an ecclesiastical dictate on the congregation . . . . [it] merely sought to establish a procedure in which the majority of the Church could be heard thereby preserving the peace." ***Pilgrim Rest Missionary Baptist Church By & Through Bd. of Deacons v. Wallace***, 835 So. 2d 67, 73-74 (Miss. 2003). The [c]ourt finds that it is compelled, in the interest of justice and equity, to further consider same.

¶9. On December 10, 2021, Melton filed a notice of appeal, challenging the chancellor's order of November 18, 2021. On February 18, 2022, this Court dismissed Melton's appeal due to a lack of a final, appealable judgment.

¶10. The chancellor entered a final judgment on June 23, 2022. In his order, the chancellor determined that Union Hill never had adopted the bylaws and that Reverend Calvin Melton

5

no longer was the pastor of the church. The chancellor reasoned that

> Under the ***Pilgrim Rest*** framework, applying a simple majority threshold to the number of votes cast in the September 24, 2021 election allows the Union Hill church to be heard and is in the best interest of equity and justice in this case and serves to preserve the peace.
>
> Because a majority of the eligible votes cast were against retaining Rev. Melton as the pastor of Union Hill, the church has spoken that they no longer desire to have Rev. Melton serve as the pastor of the Union Hill congregation.

¶11.    On July 25, 2022, Melton filed a notice of appeal. On appeal, he argues that the chancery court lacked jurisdiction, that the chancellor erred by granting Union Hill's motion for a new trial, and that the chancellor's final judgment was against the overwhelming weight of the evidence presented at the retrial. Melton asserts that the ecclesiastical abstention doctrine applies in this case. Regarding Union Hill's motion for a new trial, Melton argues that the adoption of the bylaws was not newly discovered evidence because (1) the bylaws were admitted into evidence by Union Hill and (2) the bylaws had been recorded with the Mississippi Secretary of State's office as early as 2001. Melton asserts that the affidavit by Union Hill's former pastor, which disputed a formal adoption of the church's bylaws, "was merely based upon the affiant's memory and recollection" and that "[a]ll of the actual evidence revealed the Church, in fact, had by-laws on or about September 10, 2021–the date of the original trial." (Footnote omitted.)

### DISCUSSION

¶12.    "Subject matter jurisdiction is a threshold inquiry which must be determined before a court may proceed to the merits." ***Schmidt v. Catholic Diocese of Biloxi***, 18 So. 3d 814, 821 (Miss. 2009) (citing ***Luckett v. Miss. Wood, Inc.***, 481 So. 2d 288, 290 (Miss. 1985)).

6

This Court has held that "[j]urisdiction is a question of law." *Burnette v. Hartford Underwriters Ins. Co.*, 770 So. 2d 948, 950 (Miss. 2000) (citing *Entergy Miss., Inc. v. Burdette Gin Co.*, 726 So. 2d 1202, 1204-05 (Miss. 1998)). "This Court reviews questions of law de novo." *Id.* (citing *Saliba v. Saliba*, 753 So. 2d 1095, 1098 (Miss. 2000)). This Court also has held that

> "When reviewing a chancellor's findings, this Court employs a limited standard of review." *Miller v. Pannell*, 815 So. 2d 1117, 1119 (Miss. 2002) (citing *Reddell v. Reddell*, 696 So. 2d 287, 288 (Miss. 1997)). "The chancellor's findings will not be disturbed upon review unless the chancellor was manifestly wrong, clearly erroneous or applied an incorrect legal standard." *Id.* (citing *Reddell*, 696 So. 2d at 288). "The standard of review employed by this Court for review of a chancellor's decision is abuse of discretion." *Id.* (internal quotation marks omitted) (quoting *McNeil v. Hester*, 753 So. 2d 1057, 1063 (Miss. 2000)).

*Williams v. Williams*, 347 So. 3d 178, 181 (Miss. 2022).

¶13. Melton's jurisdictional argument is conflicting and confusing. First, he asserts that the chancellor "lacked subject matter jurisdiction under the ecclesiastical abstention doctrine, specifically regarding the issue of whether Pastor Calvin Melton would serve as Pastor of the Union Hill Missionary Baptist Church." But then he argues that "the issue is whether the trial court operated outside of its limited subject matter jurisdiction by first ruling the Church had spoken to retain Pastor Melton on September 28, 2021; and then 'flipped-flopped' only when a new attorney entered his appearance in the case."

¶14. This Court has held that

> The government of a Baptist Church is congregational and democratic, with each church a distinct organization, independent of others. . . . In a long line of decisions, this Court has held that it will not interfere to determine questions involving the government of a congregational type of church. *Conic v.*

7

*Cobbins*, 208 Miss. 203, 44 So. 2d 52 (1950); *Grantham v. Humphries*, 185 Miss. 496, 188 So. 313 (1939); *Edwards v. De Vance*, 138 Miss. 580, 103 So. 194 (1925); *Allen v. Roby*, [109 Miss. 107, 67 So. 899 (1915)]; *Windham v. Ulmer*, 102 Miss. 491, 59 So. 810 (1912); *Carothers v. Moseley*, 99 Miss. 671, 55 So. 881 (1911).

*Blue v. Jones*, 230 So. 2d 569, 569-70 (Miss. 1970). Melton recognizes that "the First Amendment places ministerial church-employment decisions beyond the reach of courts." *Hollins*, 160 So. 3d at 229. Specifically, he says that this Court has "deferred to decisions of churches in situations involving termination of the pastor, the appointment or removal of a deacon, the use of church property for worship services, and the excommunication of a pastor." Despite this recognition, Melton asserts that the chancellor had limited jurisdiction to conduct the revote on September 18, 2021, pursuant to *Pilgrim Rest*; however, according to Melton, after the chancellor had entered an order validating the results of the revote, which was to retain Melton as the pastor of Union Hill, the chancellor no longer had jurisdiction under the ecclesiastical abstention doctrine. He contends that "[a]s the Church spoke according to the September 28, 2021 order, the trial court was without jurisdiction in order to further act."

¶15. Even though Reverend Melton cites *Hollins* and *Pilgrim Rest* to support his argument, this Court finds that both he and the chancellor misinterpreted these cases. In *Hollins*, this Court addressed the "narrow exception" that was recognized in the *Pilgrim Rest* case. *Hollins*, 160 So. 3d at 231. The Court stated that

> the dispute [in *Pilgrim Rest*] was not about "the propriety or justification for dismissing a pastor." Rather, the issue before this Court was whether the "church itself has spoken. If it has, this court inquires no further. If it has not, this court may restore the status quo to enable the church to act."

*Id.* at 232-33 (citations omitted) (quoting ***Pilgrim Rest***, 835 So. 2d at 71-72). The issue in ***Pilgrim Rest***, which involved "two factions of a church fighting over money and property and arguing about whether the by-laws [were] followed[,]" is distinguishable from ***Hollins***, which dealt with "an aggrieved pastor who [was] unhappy that his church voted to terminate him." ***Hollins***, 160 So. 3d at 233. This Court found that the trial court "erred when he treated this ecclesiastical controversy as a secular one—a pastor who is unhappy about being terminated by a church simply does not present a secular controversy." ***Id.*** Thus, the Court ruled that the chancellor "had no authority. . . to vacate Greater Fairview's vote and order a new one . . . ." ***Id.***

¶16.    The same is true here. In his order of September 10, 2021, the chancellor opined that it was unclear whether the Union Hill congregation had spoken. The chancellor decided that he would go to the church personally and moderate a new vote by the congregation so as to provide it an opportunity to speak in accordance with ***Pilgrim Rest***. At the same time, the chancellor recognized that "the essential issue at heart" in this case is "whether Pastor Calvin Melton shall continue to serve as the Pastor for Union Hill Baptist Church located in Flora, Mississippi." He recognized specifically that "[a]s the central issue is ecclesiastical employment, the [c]ourt finds ***Hollins*** is controlling." Similar to ***Hollins***, the issue in this case is not whether the Union Hill church's bylaws were followed, but rather who is to serve as the church's pastor. *See* ***Hollins***, 160 So. 3d at 233. That is an ecclesiastical question that neither this Court nor the chancery court is permitted to answer.

¶17.    Not only was the chancellor without authority to order the congregation to conduct

a second election; but he also was bereft of authority to preside over a church meeting. The chancellor appointed himself as moderator of a congregational meeting and announced rules for the event: "I am going to convene Chancery Court in y'all's church. So that means that if anybody acts a fool, contempt powers, I will have somebody else. That is not going to happen. We are all going to be on out best behavior." The chancellor thus declared that the Union Hill sanctuary would serve as a courtroom. While Mississippi Rule of Civil Procedure 77(b) provides that "[a]ll other acts or proceedings may be done or conducted by a judge in chambers, without the attendance of the clerk or other court officials and at any place within the state either within or without the district[,]" neither this rule nor any other allows a chancellor to conduct court in a church. Mississippi's Constitution states that "no preferences shall be given by law to any religious sect or mode of worship[.]" Miss. Const. art. 3, § 18. "[T]he Establishment Clause,[3] has been held to command a separation of church and state." *Schmidt*, 18 So. 3d at 823 (citing *Cutter v. Wilkinson*, 544 U.S. 709, 719, 125 S. Ct. 2113, 161 L. Ed. 2d 1020 (2005)).The chancellor's self appointment to oversee a congregational election outside the courthouse and inside a house of worship is far removed from the judicial function and treads heavily upon Mississippi's Constitution and the Establishment Clause. Thus, the chancellor's actions, though undoubtedly well intended, amounted to a constitutional violation, resulting in a blending of church and state. This unusual arrangement was the antithesis of the constitutional doctrine that historically has demanded separation of church and state.

---

[3]*See* U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . .").

¶18.    Because the ecclesiastical abstention doctrine applies, this Court reverses and vacates the orders of the Madison County Chancery Court. We find also that Melton's remaining arguments are moot.

## CONCLUSION

¶19.    The chancellor was without authority to disregard Union Hill's initial vote and to order a new one as this is a case dealing with a purely ecclesiastical question. Accordingly, we reverse and vacate the chancellor's orders.[4]

¶20.    **REVERSED AND VACATED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

---

[4]On March 29, 2023, Union Hill filed a "Motion to Disqualify Counsel and/or Motion to Sanction Counsel and/or Motion to Strike Brief and/or Motion to Show Cause and/or Motion to Correct Style of the Case" before this Court. In its motion, Union Hill asked this Court to change the style of the case due to Melton's attorney's having listed "Union Hill Baptist Church, Inc." as an appellant. It also asked this Court to disqualify the attorney, to sanction him "for his intentional dishonest and unethical conduct," and to strike Melton's brief. On May 19, 2023, Presiding Justice King entered an order granting the motion in part. Order, *Melton v. Union Hill Missionary Baptist Church*, No. 2022-CA-00737 (Miss. May 19, 2023). In his order, Presiding Justice King granted the motion to correct the style of the case and passed the remaining issues for consideration on the merits of the appeal. *Id.* This Court denies Union Hill's motion with regard to the remaining issues raised in the motion.