## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 98-CA-00139-SCT

*PATRICE NAN HALL OWENS*

*v.*

*NASCO INTERNATIONAL, INC.; SARGENT-WELCH SCIENTIFIC CO.; CYRGUS COMPANY, INC. d/b/a NEBRASKA SCIENTIFIC; CAROLINA BIOLOGICAL SUPPLY; CONNECTICUT VALLEY BIOLOGICAL SUPPLY COMPANY; BAXTER HEALTHCARE CORPORATION; EMD-FISHER SCIENTIFIC COMPANY; WARDS NATURAL SCIENCE; SOUTHWESTERN SCIENTIFIC COMPANY; SOUTHERN BIOLOGICAL SUPPLY; MALLINCKROST CHEMICAL, INC.; AND MALLINCKROST BAKER, INC. f/k/a J. T. BAKER, INC.; DR. CLYDE MUSE, INDIVIDUALLY, AND AS PRESIDENT OF HINDS COMMUNITY COLLEGE; TROY HENDERSON, INDIVIDUALLY, AND AS VICE PRESIDENT OF HINDS COMMUNITY COLLEGE; DR. DAVID DURHAM, INDIVIDUALLY, AND AS ACADEMIC DEAN OF HINDS COMMUNITY COLLEGE; AND DR. MICHAEL RABALAIS, INDIVIDUALLY, AND AS VICE PRESIDENT OF HINDS COMMUNITY COLLEGE*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/1998 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JIMMIE D. MARSHALL |
| | GEORGE OLIVER MILES |
| | WILLIAM ANDY SUMRALL |
| | CHRISTINE F. KELLY McLEOD |
| ATTORNEYS FOR APPELLEES: | MARK C. CARLSON |
| | BYRON P. HANSBRO |
| | FRED KRUTZ, III |
| | S. KAY FREEMAN |
| | BEN J. PIAZZA, JR. |
| | WILLIAM F. RAY |
| | LYNN P. RISLEY |
| | PATRICK SCANLON |
| | WILLIAM E. CHAPMAN, III |
| | DAVID W. DOGAN, III |
| | ALBEN N. HOPKINS |
| | THOMAS Y. PAGE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |

DISPOSITION:                          DISMISSED - 7/22/1999
MOTION FOR REHEARING FILED:
MANDATE ISSUED:                   08/12/99

**BEFORE SULLIVAN, P.J., BANKS AND SMITH, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. Here we are presented with the question of whether the appellant's claim for injuries resulting from exposure to chemicals while she was employed as an instructor at Hinds Community College is barred under the provisions of the Tort Claims Act. We conclude, however, that this matter is not properly before the Court because the circuit court's order did not terminate the action against all defendants and appellant failed to have the trial court's judgment certified as a final judgment pursuant to Miss. R. Civ. P. 54(b). Accordingly, we dismiss this appeal for lack of an appealable judgment.

**I.**

¶2. Patrice Nan Hall Owens ("Owens") taught science-related courses at Hinds Community College (the "College"), on a full-time basis, from January 1984 until October 1993. Owens taught her classes in Beemon Hall on the Raymond campus of the College. During the course of her employment she was continuously exposed to such toxic chemicals as formaldehyde, hydrochloric acid, nitric acid and acetone. It is alleged that many of these chemicals were stored in opened, cracked and/or unfit containers.

¶3. Beemon Hall was renovated during 1985 and 1986. The renovations were to include the installation of central heating and air conditioning in the part of Beemon Hall occupied by Owens. Owens alleges, however, that the building's ventilation system continued to be inadequate.

¶4. Hinds Community College contracted for Hazclean Corporation to conduct a study of and provide an analysis of the air quality in Beemon Hall. The study revealed that the air quality in the building was unsatisfactory. Dr. Vernon Clyde Muse; Troy Henderson; Dr. David Durham; and Dr. Michael J. Rabalais (collectively the "College Administrators"), who all held positions of authority at the College, and faculty members attended a meeting with representatives from Hazclean. During the meeting Hazclean informed them of the problems with the building and made recommendations on correcting the problems.[1] Dr. Muse, as the president of the College, assured the faculty members present that all problems with Beemon Hall would be corrected. However, Hinds Community College failed to make the necessary corrections to the building.

¶5. In January of 1992, Owens began consulting physicians regarding health problems associated with exposure to chemicals. Her physical condition continued to decline; and in October 1993 it was determined that she was totally disabled and unable to continue working.

¶6. Owens filed a worker's compensation claim on March 16, 1994. Subsequently on June 19, 1995, she

initiated this action seeking to recover for the injuries resulting from her employment at the College. Owens named as defendants the College Administrators, individually and in their capacities as employees of Hinds Community College, and various chemical manufacturers.

¶7. On March 14, 1997, the College filed a motion to dismiss the action on the grounds that Owens failed to comply with the notice requirements of the Mississippi Tort Claims Act and failed to initiate the action within the one (1) year statue of limitations prescribed under the Act. There is no indication in the record that Owens provided any notice as required under the Act. On January 15, 1998, the lower court entered an order dismissing the action with prejudice in regard to the College and the College Administrators, individually and as agents of the College. Aggrieved, Owens filed this appeal.

## II.

¶8. Although the issue is not raised by either party, this Court must address, *sua sponte*, the question of whether the trial court's order is appealable. *Williams v. Delta Reg'l Med. Ctr.*, No. 97-CA-01001-SCT, 1999 WL 275192, *1 (Miss. May 6, 1999); *see also* **Cortesi v. Cortesi**, 566 So. 2d 702 (Miss. 1990). Miss. R. Civ. P. 54(b) states:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Without the entry of a Rule 54(b) certificate a trial court order, which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory. *Williams*, 1999 WL 275192, *2.

¶9. In the case sub judice, Owens named as party defendants the College Administrators, individually and in their capacities as employees of the College, and *various chemical manufacturers*. The trial court order, which is the subject of this appeal, dismissed the action as to the College Administrators, individually and as employees of the College, leaving the chemical manufacturers as defendants. Thus, in the absence of a Rule 54(b) certification, the order is not an appealable final judgment, and this appeal must be dismissed.

## CONCLUSION

¶10. For the foregoing reasons, we dismiss this appeal.

¶11. **APPEAL DISMISSED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**

1. The record does not reflect when this meeting took place; however, the Hazclean report is dated March 26, 1993.