## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1999-CA-00148-SCT

*R. B. MITCHELL*

*v.*

*JOHN L. BLACKMON, RUTH B. GILLIAM AND SHELLY B. DIXON*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/30/1998 |
| TRIAL JUDGE: | HON. TIMOTHY E. ERVIN |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | LELAND H. JONES, III |
| ATTORNEY FOR APPELLEES: | KENNETH EARL DOWNS |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | DISMISSED -03/16/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/6/2000 |

## BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.

## SMITH, JUSTICE, FOR THE COURT:

¶1. John Blackmon, Ruth Gilliam, and Shelly Dixon filed this action in the Chancery Court of Carroll County to quiet title to property in which they claim an undivided one-half interest. They also requested damages for timber which had been cut on the property. The Honorable Timothy E. Ervin, special chancellor, found that the Appellees hold an undivided one-half interest in the property and entered judgment against R.B. Mitchell for damages. R.B. Mitchell appeals from the judgment of the chancery court and asserts that title to the property is vested solely in him.

### STATEMENT OF FACTS

¶2. Two brothers, Sammie Mitchell and R.B. Mitchell, purchased a 132-acre tract known as the "Edgar Browning place" in 1951. The property is located in Carroll County, Mississippi, and consists of two contiguous sections, Section 30 and Section 31. R.B. Mitchell, the Appellant, is the nephew of R.B. Mitchell, the purchaser, and the son of Sammie Mitchell. The parties refer to R.B. Mitchell, the purchaser, as "Sonny," and he will be referred to here as "Sonny" in order to avoid confusion. The description of the property contained in the deed to Sammie Mitchell and Sonny Mitchell is as follows:

> SE1/4 of SW1/4 Section 30; also 12 acres in the South East Corner of the W1/2 SW1/4 of Section 30; NE1/4 NW1/4 Section 31; the NW1/4 NE1/4 Section 31; all of the said lands being in Twonship [sic] 17, North; Range 5 East.

¶3. The purchase price of the property was $2,500, which included a down payment of $1,000. Sonny

Mitchell paid $500 of the down payment, and Sammie Mitchell paid the remaining $500. The brothers financed the remainder of the purchase price, $1,500, with a deed of trust from Sammie Mitchell, Sammie's wife, Maggie Mitchell, Sonny Mitchell, and Sonny's wife, Tempie Mitchell, to Peoples Bank and Trust in Carrollton, Mississippi. The brothers received a warranty deed, which was recorded on February 1, 1952. According to the deed, the brothers held undivided one-half shares as tenants in common.

¶4. In 1963, Sammie Mitchell conveyed his undivided one-half interest in the entire tract to his wife, Maggie Mitchell. In 1966, Maggie Mitchell conveyed her interest in the property to her son, R.B. Mitchell. In 1968, R.B. Mitchell conveyed to Sammie and Maggie Mitchell one acre of Section 30, and, shortly thereafter, R.B. Mitchell conveyed an easement to Sammie and Maggie Mitchell over which they might reach the one acre. In 1971, Sammie and Maggie Mitchell built a house on the one acre.

¶5. In 1967, Sonny Mitchell died intestate, leaving his wife, Tempie Mitchell, as his sole heir. In 1971, Tempie Mitchell conveyed her interest in Section 30 of the 132-acre tract to Sammie Mitchell and Maggie Mitchell as joint tenants with right of survivorship. The deed does not convey Tempie Mitchell's interest in Section 31. The description in the deed is as follows: SE1/4 of SW1/4 of Section 30, Township 17 North, [remainder illegible]. Though the remainder of the description is illegible, the parties agree that the deed conveys only Tempie Mitchell's interest in Section 30, not Section 31. Thus, as of 1974, record title was vested as follows: R.B. Mitchell owned the lands originally purchased in Section 30, and he held an undivided one-half interest in the lands originally purchased in Section 31; Tempie Mitchell held an undivided one-half interest in the lands originally purchased in Section 31. Tempie Mitchell died testate in 1985, leaving her interest in the property to the Appellees, John Blackmon, Ruth Gilliam and Shirley Nixon, the nephew and nieces, respectively, of Tempie Mitchell. The dispute at hand is over the one-half interest in Section 31 vested of record in Tempie Mitchell and passed by Tempie Mitchell's will to the Appellees.

¶6. In 1993, R.B. Mitchell sold all of the timber on Section 31 to Mitchell Logging Company, which, in turn, resold the timber to Dixieland Forest Products. The Appellees filed this suit on October 11, 1993, in the Chancery Court of Carroll County, seeking to confirm their title after R.B. Mitchell unilaterally sold timber off of the land. They also sought damages for the cutting of the timber from R.B. Mitchell, the timber companies, and the bank that financed the timber purchase. The bank was subsequently dismissed by agreement of all the parties.

¶7. Mitchell Logging Company filed a third-party complaint against its attorney, John Shaw, alleging that Shaw had negligently prepared its certificate of title. Because John Shaw was known to each of the chancellors in the district, the chancellors recused themselves, and this Court appointed the Honorable Timothy Ervin as special chancellor. The complaint against John Shaw was later dismissed with prejudice.

¶8. By order of the chancery court, the matter was bifurcated for trial, with the issue of title to be determined prior to the issue of damages. In arguing that title to Section 31 is vested solely in him, R.B. Mitchell contended that there was a scrivener's error in the 1971 deed from Tempie Mitchell to Sammie and Maggie Mitchell and that Tempie Mitchell intended to convey all the land to Sammie and Maggie Mitchell. Alternatively, R.B. Mitchell argued that he has ousted and adversely possessed the interest of Tempie Mitchell and her successors. The issue of title was tried before the chancellor on January 10, 1996, and the court entered its opinion on May 9, 1996. The chancery court found that the Appellees hold an undivided one-half interest in the property in controversy. The court entered an order quieting and confirming title on June 5, 1996.

¶9. R.B. Mitchell appealed to this Court on June 25, 1996, and filed a motion for reconsideration with the chancery court on June 27, 1996. This Court dismissed the appeal on August 8, 1996, pursuant to M.R.A.P. 2(a)(2), for failure to pay appeal costs. Subsequent to a hearing, the chancery court denied the motion for reconsideration.

¶10. After a trial on the issue of damages for the cutting of the timber, the chancery court found that the selling of the timber on Section 31 by R.B. Mitchell amounted to conversion of the Appellees' property. The court entered its judgment against R.B. Mitchell in the amount of $18,750 on December 30, 1998. R.B. Mitchell timely filed a notice of appeal on January 27, 1999. He asserts the following issues on appeal:

> **I. THE TRIAL COURT ERRED IN FINDING THAT THE 1971 DEED CONTAINED NO SCRIVENER'S ERROR.**

> **II. THE TRIAL COURT ERRED IN FINDING THAT R.B. MITCHELL HAS NOT OUSTED THE APPELLEES.**

## DISCUSSION OF LAW

¶11. Though the parties have not raised the issue of whether the chancery court's judgment is appealable, this Court must address this question on its own initiative. *See Gilchrist v. Veach, No. 1998-CA-00956-SCT, 2000 WL 19934, at *1 (Miss. Jan. 13, 2000); Owens v. Nasco Int'l, Inc., 744 So. 2d 772, 773 (Miss. 1999); Williams v. Delta Reg'l Med. Ctr., 740 So. 2d 284, 285 (Miss. 1999); Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 512 So. 2d 897, 899 (Miss. 1987)). Miss. R. Civ. P. 54(b) states:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

¶12. In the case sub judice, Blackmon, Gilliam and Dixon named as party defendants Southeast Mississippi Bank, Dixieland Forest Products, Inc., Timothy Mitchell and William N. Mitchell d/b/a/ Mitchell Logging Co., and R.B. Mitchell. John Shaw was joined as a third party defendant. Southeast Mississippi Bank was dismissed by agreement of the parties, and John Shaw was dismissed by order of the chancery court. The judgment of the chancery court, which is the subject of this appeal, disposed only of the claim for damages against R.B. Mitchell. The chancery court's order did not make any adjudication concerning Dixieland Forest Products, Inc., or Timothy Mitchell and William N. Mitchell d/b/a/ Mitchell Logging Co. R.B. Mitchell failed to have the chancery court's judgment certified as a final judgment pursuant to Miss. R. Civ. P. 54(b). In the absence of a Rule 54(b) certification, the order is interlocutory and not appealable. *Gilchrist* at *2; *Owens* at 773; *Williams* at 285. Accordingly, this appeal must be dismissed. *See Williams* at 285 (citing *Indiana Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.*, 456 So.2d 750, 752-55 (Miss., 1984)).

## CONCLUSION

¶13. The chancery court's judgment against R.B. Mitchell was not certified pursuant to Miss. R. Civ. P. 54(b) as a final judgment as to R.B. Mitchell. Therefore, the judgment is interlocutory and not appealable, and this appeal is dismissed.

¶14. **APPEAL DISMISSED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.**