# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CA-00406-SCT

*SCRUGGS, MILLETTE, BOZEMAN & DENT, P.A. f/k/a SCRUGGS, MILLETTE, LAWSON, BOZEMAN & DENT, P. A., RICHARD F. SCRUGGS, RICHARD F. SCRUGGS, P. A. AND ASBESTOS GROUP, P.A.*

*v.*

*MERKEL & COCKE, P.A., WILLIAM ROBERTS WILSON, JR., AND WILLIAM ROBERTS WILSON, JR., P.A.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/27/1999 |
| TRIAL JUDGE: | HON. WILLIAM G. WILLARD, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JEFFERY P. REYNOLDS |
| | JIM WARREN, III |
| | JAMES L. CARROLL |
| | CHARLES E. WEBSTER |
| | H. HUNTER TWIFORD, III |
| | DANIEL M. WEIR |
| ATTORNEYS FOR APPELLEES: | MICHAEL S. ALLRED |
| | CHARLES M. MERKEL, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | DISMISSED - 07/20/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/10/2000 |

**BEFORE BANKS, P.J., MILLS AND WALLER, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. In September of 1997, Scruggs, Millette, Bozeman & Dent, P.A. ("SMBD") filed a lawsuit in the Jackson County Chancery Court against Merkel & Cocke, P.A. ("Merkel"), Charles Merkel, Cynthia Mitchell, William Roberts Wilson, Jr., P.A., and Asbestos Group, P.A. This lawsuit placed at issue the alleged mishandling of attorneys' fees received by Merkel in 1994. These fees were derived from the *Scott* case, a wrongful death action against the asbestos industry.

¶2. Approximately 6 months later, on March 26, 1998, Merkel filed the instant action in the Chancery Court of Coahoma County seeking to interplead a share of the 1996 and 1998 attorneys' fees received from the *Scott* litigation. SMBD responded by filing a Motion to Dismiss Merkel's complaint, primarily stating that the complaint should be barred by the doctrine of priority jurisdiction because the fees were already an issue in the Jackson County Chancery Court action. Richard F. Scruggs, Richard F. Scruggs,

P.A., and Asbestos Group, P.A., (hereafter collectively referred to as "Scruggs") also filed a motion to dismiss upon similar grounds. The Chancellor denied both motions to dismiss and granted the interpleader relief, finding Merkel to be a disinterested stakeholder with respect to the $4,953.43 of attorney's fees interpled. The Chancellor also discharged Merkel from any liability for the handling of the interpled funds and transferred the remaining dispute over entitlement to the Circuit Court of Hinds County. Additionally, the Chancellor ordered SMBD to pay Merkel attorney's fees pursuant to Miss. R. Civ. P. 11. Both SMBD and Scruggs timely perfected this appeal.

## FACTS AND PROCEEDINGS BELOW

¶3. In 1984, Richard F. Scruggs and William Roberts Wilson, Jr. agreed to associate one another in a number of asbestos-related personal injury cases. Accordingly, they formed an intermediary corporation in 1985 known as Asbestos Group, P.A. In 1986, Asbestos Group hired Alwyn H. Luckey as a staff attorney.

¶4. In 1984, Merkel & Cocke ("Merkel") was retained to pursue claims on behalf of the heirs of William H. Scott for injuries sustained by Scott as a result of his exposure to asbestos. Thereafter, Charles Merkel approached Wilson and discussed the possibility of associating him to assist with the technical aspects of the case. Wilson agreed to the association. Wilson then asked Luckey to work on the *Scott* case with him and Merkel.

¶5. Ultimately, the *Scott* case was settled with various defendants and resulted in a recovery of attorneys' fees and expense reimbursements under Merkel's contingency fee contract with the Scotts. Prior to 1994, these funds were processed by Merkel and distributed to Wilson, Luckey, and the Asbestos Group. In 1994, Merkel received additional settlement proceeds from the *Scott* litigation. This time, however, Merkel distributed the two payments, in the amounts of $9,850 and $3,284, to Wilson alone. That same year, Luckey was terminated by the Asbestos Group. Thereafter, Luckey retained Merkel to represent him in an action against Scruggs, Scruggs, P.A., Asbestos Group, Wilson, and Wilson, P.A., to recover his share of asbestos fees which he argued were wrongfully withheld.

¶6. In September of 1997, SMBD, as an assignee of rights from Scruggs, P.A. and Asbestos Group, P.A, filed an action against Merkel in Jackson County, seeking damages from Merkel's alleged mishandling and conversion of the 1994 *Scott* fees. Additionally, the complaint sought an accounting of all fees generated from the *Scott* litigation. In 1996, and again in 1998, Merkel received additional settlement funds from the *Scott* litigation. Merkel paid itself its claimed percentage of these fees and retained the balance in the firm's escrow accounts. On March 26, 1998, Merkel filed the instant action in the Chancery Court of Coahoma County, seeking to interplead the share being held in escrow. The Coahoma County Chancery Court granted Merkel's request for interpleader on January 22, 1999. The court further discharged Merkel from any and all liability related to either the funds interplead or the handling of the funds from the time of their receipt.

## STATEMENT OF THE LAW

¶7. Although the issue is not raised by either party, this Court must address, sua sponte, the question of whether the trial court's orders are appealable. *Gilchrist v. Veach*, 754 So. 2d 1172, 1173 (Miss. 2000); *Owens v. Nasco Intern'l, Inc.*, 744 So. 2d 772, 773 (Miss. 1999); *Williams v. Delta Reg'l Med. Ctr.*, 740 So. 2d 284, 285 (Miss. 1999). Rule 54(b) of the Mississippi Rules of Civil Procedure provides

as follows:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of a judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Miss. R. Civ. P. 54(b). "Without the entry of a Rule 54(b) certificate, a trial court order, which disposes of less than all of the claims against all parties in a multiple party or multiple claim action, is interlocutory." *Owens v. Nasco Intern'l, Inc.*, 744 So. 2d at 774.

¶8. This case involves claims made against multiple defendants. Moreover, the Coahoma County chancellor entered the following three orders:

> (1) 1/22/99 - regarding grant of interpleader, dismissal of Merkel & Cocke, and grant of injunctive relief;

> (2) 2/10/99 - regarding transfer to Hinds County; and

> (3) 4/27/99 - regarding attorney's fees.

These orders, however, did not terminate the action, did not make any adjudication concerning SMBD or Scruggs, and were not certified pursuant to Rule 54(b) as final judgments.

## CONCLUSION

¶9. In the absence of a Rule 54(b) certification, the orders are interlocutory and are not appealable as final judgments. Therefore, we dismiss this appeal.

¶10. **APPEAL DISMISSED.**

> **PRATHER, C.J., PITTMAN AND BANKS, P.JJ., SMITH, WALLER AND DIAZ, JJ., CONCUR. COBB, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McRAE, J., NOT PARTICPATING**.