LEE, J.,
for the Court:
¶ 1. Wilson filed a complaint against Mississippi Power Company and the Southern Company for an alleged breach of contract for the purchase of his business, as well as his subsequent employment. Thereafter, a summary judgment dismissed Mississippi Power Company as a party in the case at bar. Wilson presents *1189 several issues on appeal. Nevertheless, without addressing the merits of these issues, we hold that an interlocutory appeal must be sought and dismiss the appeal.
FACTS
¶ 2. At this point, we choose not to delve into the specific facts that constitute the basis of the merits of this case. Instead, we simply note the following relevant procedural history: (1) Wilson filed a complaint against Mississippi Power Company and the Southern Company for the alleged breach of a contract to purchase his business, as well as his subsequent employment. (2) Thereafter, Mississippi Power Company and the Southern Company filed a motion for summary judgment. (3) The chancellor granted the motion for summary judgment for Mississippi Power Company; however, she declined to do so for the Southern Company. (4) Subsequently, Wilson filed a direct appeal to this Court seeking the reversal of the summary judgment for Mississippi Power Company, as well as additional time for discovery against this company.
DISCUSSION
I. WHETHER WILSON IS REQUIRED TO SEEK A MISSISSIPPI RULES OF CIVIL PROCEDURE RULE 54(b) FINAL CERTIFICATION BEFORE SEEKING AN APPEAL.
¶ 3. Wilson has raised several points of error regarding its argument for the reversal of the granting of the summary judgment in favor of Mississippi Power Company. However, before we consider addressing any of these arguments, we must resolve the issue raised by Mississippi Power Company regarding whether Wilson should have obtained a Mississippi Rules of Civil Procedure Rule 54(b) final certification since the action involves multiple parties and multiple claims. Wilson argues that in this instance he should not be required to obtain a Rule 54(b) certification because while it appears on its face that multiple parties are involved, if he were given the chance to conduct discovery perhaps it would disclose that the parties are actually the same entity. However, Wilson fails to cite any law to support this contention. If the chancellor was required to grant a Mississippi Rules of Civil Procedure Rule 54(b) certification, no further discussion of the issues on the merits is required.
¶ 4. Mississippi Rules of Civil Procedure Rule 54(b) addresses this issue and reads:
(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is not just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties.
¶ 5. In Owens v. Nasco Int’l, Inc., the Mississippi Supreme Court stated that “[wjithout the entry of a Rule 54(b) certificate a trial court order, which disposes of less than all the claims against all of the parties in a multiple party or multiple *1190 claim action, is interlocutory.” Owens v. Nasco Int’l, Inc., 744 So.2d 772, 774(¶ 8) (Miss.1999).
¶ 6. In the case at bar, the action was filed by Wilson against Mississippi Power Company and the Southern Company. Thereafter, Mississippi Power and the Southern Company each submitted a motion for summary judgment. Subsequently, pursuant to the motion for summary judgment the chancellor dismissed Mississippi Power Company; however, she determined that there were issues of fact regarding the Southern Company and denied its motion for summary judgment.
¶ 7. Since the order did not dispose of all the parties and all the claims, the chancellor needs to be given the opportunity to determine whether a Mississippi Rules of Civil Procedure Rule 54(b) certification should be granted which would give the summary judgment the status of a final judgment. The record does not contain a Rule 54(b) certification. Therefore, the order is not appealable as a final judgment, and the appeal is dismissed for lack of jurisdiction.
¶ 8. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS AND CHANDLER, JJ., CONCUR.