MODIFIED OPINION ON REHEARING
LEE, J.,
for the Court:
¶ 1. A default judgment was entered against Wayne-Built & Son, Inc.[1] in the total sum of $15,000. Aggrieved by the entry of this judgment Wayne-Built has filed a timely appeal to this Court and *1047 asserts the following issues: (1) whether the trial judge erred when it denied the motion to set aside the default judgment based on ineffective service of process and the failure to hold an evidentiary hearing, (2) whether the trial judge erred in entering a $15,000 judgment in favor of Alan Houpt without a writ of inquiry to ascertain the damages.
¶2. Without addressing the merits of the issues, we hold that an interlocutory appeal must be sought and dismiss the case. After our original opinion was released, Wayne-Built sought rehearing. We deny that motion, we withdraw our original opinion, and respond to the request for a clarification of our holding.
FACTS
¶ 3. The record reveals that Wayne-Built & Son, Inc. had hired Franklin Collection Agency to recover the total sum of $5,991.59 from Alan Houpt for a past due account. On December 2, 1998, a complaint was filed by Franklin Collection Agency against Alan Houpt. The complaint sought the sum of $5,991.59 plus reasonable attorney’s fees and cost of the cause of action from Houpt. The complaint alleged that Houpt had received truck repairs from Wayne-Built and had failed to pay for the services rendered.
¶ 4. On December 21, 1998, Houpt filed an answer and cross-claim. The cross-claim asserted that Wayne-Built “wrongfully and incorrectly tried to repair the vehicle causing damage to the vehicle, causing lost time and lost wages of the [defendant in the sum of $15,000.” On the same date, a motion to add a third-party defendant (i.e., Wayne-Built) was filed. On January 5, 1999, an order was filed which added Wayne-Built as a third-party defendant. A summons and cross-claim were served on Wayne-Built.
¶ 5. The summons only stated that it was to be served on Wayne-Built Trucking and Repair, Inc. The summons and proof of service failed to state the individual that was served on behalf of Wayne-Built. Additionally, the proof of service contained a discrepancy regarding the date of service. No timely answer was forthcoming from Wayne-Built in response to the summons and complaint. Subsequently, Houpt filed an application to the clerk for an entry of default with a supporting affidavit. Thereafter, the clerk entered a docket entry of default. On February 24, 1999, after the docket entry of default had been entered, the trial judge entered a default judgment against Wayne-Built. The default judgment was filed on February 26, 1999. On February 26, 1999, a motion to set aside default judgment was filed by Wayne-Built. This motion was denied by the trial judge on April 17, 2000.
DISCUSSION
I. WHETHER THE TRIAL JUDGE ERRED WHEN HE DENIED THE MOTION TO SET ASIDE DEFAULT JUDGMENT BASED ON INEFFECTIVE SERVICE OF PROCESS AND THE FAILURE TO HOLD AN EVI-DENTIARY HEARING.
¶ 6. Wayne-Built has raised several points of error regarding its argument for ineffective service of process. However, before we consider addressing any of these arguments we must resolve the issue raised during the oral argument of this case regarding whether the default judgment entered by the trial judge is appeal-able directly to this Court since the action involves multiple parties and multiple claims. If the trial judge was required to grant a Mississippi Rules of Civil Procedure Rule 54(b) certification, no further discussion of the issues on the merits is required.
*1048 ¶ 7. Even though this issue was not raised by either party, we must sua sponte address the issue. Owens v. Nasco Intern., Inc., 744 So.2d 772, 773(¶ 3) (Miss.1999). Mississippi Rules of Civil Procedure Rule 54(b) addresses this issue and reads:
(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is not just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties.
¶ 8. In Owens v. Nasco Intern., Inc., the Mississippi Supreme Court stated that “[wjithout the entry of a Rule 54(b) certificate a trial court order, which disposes of less than all the claims against all of the parties in a multiple party or multiple claim action, is interlocutory.” Owens, 744 So.2d at 774(¶ 8).
¶ 9. In the case at bar, the action was originally filed by Franklin Collection Agency against Alan Houpt. Subsequently, Houpt filed an answer and cross-claim, and a motion to add Wayne-Built as a third-party defendant. The trial judge granted the motion to add Wayne-Built as a party.
¶ 10. Thereafter Wayne-Built was served with the summons and complaint; however, for reasons argued on appeal, they failed to answer and a default judgment was entered. Even though a default judgment is considered a final and appeal-able order as stated in the comment to Mississippi Rules of Civil Procedure Rule 55, the default judgment failed to terminate the original cause of action that was filed by Franklin Collection Agency against Houpt. Therefore, since the order did not dispose of all the claims of all the parties, the trial judge needed to give the default judgment the status of a final judgment by giving a Mississippi Rules of Civil Procedure Rule 54(b) certification. The record does not contain a Rule 54(b) certification. Therefore, the order is not ap-pealable as a final judgment, and the appeal is dismissed.
¶ 11. Since we have found that a valid appeal has never reached this Court, we cannot address any substantive issue such as the validity of the default judgment. Jurisdiction remains with the trial court until a proper interlocutory appeal or an appeal from a final judgment is brought.
¶ 12. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., concur.

. Although the parties have referred to Wayne-Built as "Wayne-Bilt”, the record reveals that documents such as the certificate for incorporation and an affidavit of the president of the corporation, as well as others, refer to it as "Wayne-Built”. Therefore, we will refer to it as Wayne-Built throughout this opinion.