# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-02642-SCT

*M.W.F.*

*v.*

*D.D.F.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/12/2003 |
| TRIAL JUDGE: | HON. JAYE A. BRADLEY |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | BILLY PARLIN |
| ATTORNEY FOR APPELLEE: | DARRYL A. HURT, JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS VACATED AND THIS APPEAL IS DISMISSED - 04/20/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.    After eighteen years of marriage, D. D. F. sought a divorce from M. W. F.[1]  The

chancellor granted D. D. F. a divorce on the ground of habitual cruel and inhuman treatment.

M. W. F. appealed, and the Court of Appeals unanimously affirmed the decision of the

chancellor by an opinion handed down on July 26, 2005.  ***M.W.F. v. D.D.F.***, 2005 WL

---

[1]This case is confidential because there was testimony at trial regarding the molestation of one of the minor children by M.W.F.'s brother.

1744979 (Miss. Ct. App. 2005). The Court of Appeals denied M.W.F.'s motion for rehearing on October 11, 2005.

¶2. M.W.F. has filed a petition for writ of certiorari. D.D.F. has not filed a response to the petition. After a careful review of the record, we are constrained, as a matter of law, to find that the chancery court judgment from which M.W.F. appeals was not a final judgment. Because the judgment was not certified pursuant to Miss. R. Civ. P. 54(b), this Court and the Court of Appeals lack jurisdiction to consider the appeal. Thus, having granted the petition for writ of certiorari, we now find the appeal must be dismissed for want of jurisdiction.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶3. The record reveals D.D.F. filed her complaint for divorce on the statutory ground of habitual cruel and inhuman treatment. M.W.F. responded that D.D.F. was not entitled to a divorce and counterclaimed for separate maintenance. Both parties sought custody of the children, support, and certain assets. Prior to trial, the parties agreed to bifurcate the proceedings and first try the divorce issue. The trial concerning the issue of divorce was held in October, 2003, and the chancellor thereafter entered the "Judgment of Divorce" on November 19, 2003. The chancellor granted D.D.F. a divorce on the ground of habitual cruel and inhuman treatment. The judgment states, in pertinent part,

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Attorneys for the parties shall schedule a trial date for resolution of the remaining issues raised in the pleadings by the respective parties.

2

On November 24, 2003, M.W.F. filed a Notice of Appeal from this judgment of divorce, and the chancery court, on December 1, 2003, entered a Temporary Order in which the chancellor awarded temporary custody of the children to D.D.F. and awarded temporary use of certain assets to each party. The Temporary Order states, in pertinent part,

> That the parties stipulated and agreed to bifurcate the trial of this cause of action and to first submit to the Court the issue of divorce and allow the Court to reserve ruling on other issues pending determination of the issue of divorce.
> . . . .
>
> That on November 24, 2003, the Court heard the Motion for Temporary Features of [D.D.F.] to provide for temporary issues pending the appeal to the Mississippi Supreme Court.
>
> The Court finds that it has jurisdiction to enter a Temporary Order respecting the temporary issues in this cause since the Court reserved jurisdiction of all property issues at the time the trial was bifurcated.
>
> The Court finds that a Temporary Order should issue in this cause to provide for property issues, pending appeal.
> . . . .
>
> That the Court reserves jurisdiction of all issues in this cause for final disposition after the conclusion of the appeal in this cause.

## ANALYSIS

¶4.     "The parties have not raised an issue as to whether the [chancery] court's [judgment] is appealable. However, [this Court] must address this question on our own initiative." *Williams v. Delta Regional Medical Center*, 740 So.2d 284, 285 (Miss. 1999) (citing *Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 512 So. 2d 897, 899 (Miss. 1987) (sua sponte dismissing appeal for improper Rule 54(b) certification). Generally, only final judgments are

3

appealable. *See* Miss. Code Ann. §§ 9-3-9 & 11-51-3; M.R.A.P. 5. In the present matter, the parties raised before the chancellor various claims concerning grounds for divorce, as well as custody of the children, child support, alimony, and property division. The "Judgment of Divorce" only addressed the issue of grounds for divorce. The judgment was not certified pursuant to Miss. R. Civ. P. 54(b), which states:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties**. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, *any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action* as to any of the claims or parties and the order or other form of decision *is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties*.

Miss. R. Civ. P. 54(b) (emphasis added). "Absent a certification under Rule 54(b), any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." Miss. R. Civ. P. 54(b) cmt.

> If the court decides that an order that does not dispose of all the claims of all the parties and that is not appealable under any other statute or rule should be given the status of a final judgment, Rule 54(b) *requires* it to take two separate steps before an appeal can be perfected. The court *must make "an express determination that there is no just reason for delay"* and it *must make "an express direction for the entry of judgment."*

*Id*. (emphasis added). "Without the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple

4

claim action, is interlocutory." ***Owens v. Nasco Int'l, Inc.***, 744 So.2d 772, 774 (Miss. 1999) (citing ***Williams***, 740 So.2d at 285)). *See also* ***Salts v. Gulf Nat. Life Ins. Co.***, 849 So.2d 848, 850-51 (Miss. 2002); ***Gilchrist v. Veach*** 754 So.2d 1172, 1173-74 (Miss. 2000).

¶5.     Although the chancellor's temporary order discusses the appeal, it does not use the specific and express language required by Miss. R. Civ. P. 54(b). If the chancellor desired the judgment of divorce to be final and appealable, she did not "do so in a definite, unmistakable manner." Miss. R. Civ. P. 54(b) cmt. We thus find the "Judgment of Divorce" entered in this case was an interlocutory order. Because this Court did not grant permission for an interlocutory appeal, this Court and the Court of Appeals lack jurisdiction to consider this issue on appeal. Accordingly, this appeal must be dismissed for want of jurisdiction.

## CONCLUSION

¶6.     The chancellor's judgment of divorce was not certified as a final judgment pursuant to the provisions of Miss. R. Civ. P. 54(b). Thus, the chancellor's order was interlocutory in nature, and not appealable. Therefore, the judgment of the Court of Appeals is vacated and this appeal is dismissed for lack of jurisdiction.

¶7.     **THE JUDGMENT OF THE COURT OF APPEALS IS VACATED AND THIS APPEAL IS DISMISSED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**

5