BARNES, J.,
for the Court:
¶ 1. In this personal injury case, Troy and Jennifer Lundquist appeal the Circuit Court of Monroe County’s order dismissing Todd Construction, LLC (Todd Construction) for insufficient service of process. Lacking proper appellate jurisdiction, we dismiss this appeal.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. At approximately 2:00 p.m. on April 29, 2006, in Monroe County, Mississippi, Troy was traveling on a motorcycle in the outside northbound lane of Highway 45. At approximately the same time, Ronald Denley was driving a vehicle in the inside southbound lane of the same highway. While turning left across the two northbound lanes, Denley5s vehicle collided with Troy’s motorcycle. Both Troy and Denley sustained injuries.
¶ 3. On August 3, 2006, Troy, and his wife at the time, Jennifer, filed suit in the Circuit Court of Monroe County against Denley; Chris Todd, individually, and d/b/a Mississippi Gravel Sales, LLC (Mississippi Gravel); and “John Doe Company, jointly and individually” alleging Denley *607 was negligent. The Lundquists also claimed that Denley was in the scope of his employment with Todd individually and Mississippi Gravel at the time of the accident and that respondeat superior applied. John Doe Company was believed to be another of Todd’s companies where Denley was also employed.
¶ 4. Denley’s and Todd’s depositions conflicted about which business entity Denley was working for at the time of the accident, if any,[1] and whether Denley was an employee or an independent contractor. Testimony showed Denley’s primary employer was Mississippi Gravel, where he ran a bulldozer at a gravel pit, but he claimed “every now and then” he worked for Todd Construction doing “dirt work”— it depended on the nature and location of the work. On the morning of the accident, Denley had been doing his usual work for Mississippi Gravel. By the early afternoon, before the accident occurred, Denley was on his way to another job helping Todd with the flooring of a portable building for Todd’s new office. Denley was unsure if the office was actually for Mississippi Gravel or Todd Construction, or both. The accident occurred while Denley was turning into the business driveway of Todd Construction.
¶ 5. Process was served on Denley on August 12, 2006. Process was subsequently served on Todd, individually, and on Mississippi Gravel, with Todd as its registered agent, on August 16, 2006. In September 2006, an answer was filed for both Todd, individually, and Mississippi Gravel. In May 2007, the Lundquists filed a motion for summary judgment, arguing negligence was inferred under the doctrine of res ipsa loquitur. The trial court granted Todd’s motion to hold the summary-judgment motion in abeyance, and further discovery ensued.
¶ 6. In May 2008, the Lundquists moved to amend their complaint and to add Todd Construction as a party. After the trial court granted the motion, on November 3, 2008, the Lundquists filed an amended complaint substituting Todd Construction for the fictitious defendant “John Doe Company.”
¶ 7. In September 2009, Todd Construction filed a motion to dismiss, claiming insufficient service of process under Mississippi Rules of Civil Procedure 4(h) and 12(b)(5). Under Rule 4(h), the Lundquists had 120 days from November 3, 2008, to serve the first amended complaint on Defendant Todd Construction, but they did not. Todd Construction argued that the Lundquists had, thus, failed to serve Todd Construction properly and had not shown good cause for their failure. Additionally, the statute of limitations had expired on the matter.
¶ 8. In October 2009, Todd responded to the Lundquists’ motion for summary judgment and filed a counter-motion for summary judgment. Also, on October 26, 2009, the Lundquists issued a summons for the first time to Todd Construction.[2] The trial court held a hearing on March 4, 2010, on Todd Construction’s motion to dismiss and the Lundquists’ motion for summary judgment, among other matters. The court granted Todd Construction’s motion to dismiss, finding that no good cause existed for the Lundquists’ failure to serve Todd *608 Construction timely, and issued an order to that effect on March 8, 2010.
¶ 9. At the hearing, the trial court also stated, with regard to the Lundquists’ motion for summary judgment, that the issue of whether or not Denley was an employee acting within the course and scope of his employment during the accident, and for which entity, was not yet resolved. While the trial judge stated this issue should probably be submitted to a jury, he decided to consider it further and did not make a ruling on the summary-judgment motions. On April 7, 2010, the Lundquists appealed the trial court’s March 8, 2010 order dismissing Todd Construction. No further rulings on the summary-judgment motion or disposition of the remaining Defendants appear in the record, nor was the March 8th order certified under Mississippi Rule of Civil Procedure 54(b).
DISCUSSION
¶ 10. While the parties have not raised the issue of whether the trial court’s judgment is appealable, we must address this question on our own initiative. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶4) (Miss.2006) (citing Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
¶ 11. Rule 54(b) of the Mississippi Rules of Civil Procedure states:
When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
(Emphasis added). According to the comment to Rule 54(b), the rule “gives the court discretion to enter a final judgment in these circumstances and it provides much needed certainty in determining when a final and appealable judgment has been entered. If the court chooses to enter such a final order, it must do so in a definite, unmistakable manner.” M.R.C.P. 54(b) cmt. ‘Without the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory.” M.W.F., 926 So.2d at 900 (¶ 4) (quoting Owens v. Nasco Int’l, Inc., 744 So.2d 772, 774 (¶ 8) (Miss.1999)).
¶ 12. In the case before us, the Lund-quists’ amended complaint named multiple defendants: Denley, Todd individually and d/b/a Mississippi Gravel, and Todd Construction. When the trial court dismissed Todd Construction from the action, the order did not terminate the action with regard to the remaining Defendants Den-ley, Todd, and Mississippi Gravel. Further, the trial court did not rule upon the Lundquists’ motion for summary judgment or Todd’s counter-motion for summary judgment before the March 8, 2010 order to dismiss Todd Construction was entered. Nor was this order certified as a final judgment under Rule 54(b); thus, the order is interlocutory and not appealable. Accordingly, we dismiss this appeal for lack of jurisdiction.
*609 ¶ 13. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.

. Todd claimed Denley was working off a personal loan, a claim which Denley denied.

. The Lundquists explained at the hearing on the motion in March 2010 that they had not formally served Todd Construction at that time because they were waiting on the leave of court to do so, based on their request for additional time to perfect service of process in response to Todd Construction's motion to dismiss.