MAXWELL, J.,
for the Court:
¶ 1. Absent an express certification by the chancellor that there is “no just reason for delay” and an explicit direction “for the entry of the judgment,” an appeal from a judgment resolving less than all issues or claims against all parties cannot be taken. M.R.C.P. 54(b). Because we are faced with an appeal from an order that both parties and the chancellor have acknowledged is clearly non-final and interlocutory, we must dismiss for lack of jurisdiction.
¶ 2. Benjamin Lee Drake (Benjamin Lee) sued his uncle Bennie Larry Drake (Bennie Larry). The suit, which was brought in Benjamin Lee’s father’s estate matter in Rankin County Chancery Court, alleged that Bennie Larry unduly influenced Benjamin Lee’s father to change the beneficiary of his life-insurance policy from Benjamin Lee to Bennie Larry. There was also an allegation that Bennie Larry unduly influenced Benjamin Lee’s father to convey a piece of real property to Bennie Larry’s son. Specifically, Benjamin Lee sought to set aside both the change in his father’s life-insurance beneficiary, and the real-property conveyance.[1]
¶ 3. By order dated September 27, 2011, the chancellor resolved one of Benjamin *330 Lee’s two claims. He dismissed the life-insurance claim because Benjamin Lee had failed to file the claim within three years of discovering his uncle’s alleged fraud. See Miss.Code Ann. §§ 15-1-49, 15-1-67 (Rev. 2012). But the chancellor correctly recognized that the real-property claim was governed by a longer ten-year statute of limitations and, thus, was still viable. See Miss.Code Ann. § 15-1-9 (Rev.2012). So he did not dismiss the property claim.
¶ 4. Under Mississippi Rule of Civil Procedure 54(b), absent certification by the trial court of the order’s finality, “a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim aetion[] is interlocutory.” Lundquist v. Todd Constr., LLC, 75 So.3d 606, 608 (¶ 11) (Miss.Ct.App.2011) (quoting M.W.F. v. D.D.F., 926 So.2d 897, 900 (¶ 4) (Miss.2006)). And here, there was no Rule 54(b) certification. Instead, the chancellor made clear his judgment was not final. When announcing his ruling from the bench, Judge Grant explicitly told Benjamin Lee that his order was not final because of the pending real-property claim and that if Benjamin Lee “wish[ed] to take an interlocutory appeal,” the “same was granted.”
¶ 5. So Benjamin Lee sought an interlocutory appeal of the September 27, 2011 order with the Mississippi Supreme Court, under Mississippi Rule of Appellate Procedure 5, which concerns interlocutory appeals. However, Benjamin Lee also filed a separate general notice of appeal of this same order under Mississippi Rule of Appellate Procedure 4-the rule governing appeals of final judgments.
¶ 6. “[F]ind[ing] that [Benjamin Lee] filed a notice of appeal from the same trial order,” the supreme court dismissed his separate petition for permission for an interlocutory appeal under Rule 5. At that point, recognizing the other appeal — the Rule 4 non-interloeutory appeal — was not from a final order, Bennie Larry filed two motions to dismiss the general appeal. But the supreme court denied these motions as “not well taken.”
¶ 7. The appeal has since been assigned to this court. But since the order under review is — as Judge Grant and both parties acknowledge — non-final, we lack jurisdiction to grant an interlocutory appeal and must dismiss. See Lundquist, 75 So.3d at 608 (¶ 12).
¶ 8. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. Benjamin Lee had also sued State Farm Insurance Company, which provided his father’s life-insurance policy. After State Farm inteipled the life-insurance proceeds into the registry of the court, the chancellor discharged State Farm from any further liability, in accordance with Mississippi Rule of Civil Procedure 22(b). State Farm was finally dismissed from this case in a September 1, 2010 order. Though this order was certified as final under Mississippi Rule of Civil Procedure 54(b), Benjamin Lee did not appeal this order.